**FONG QUONG HAY v. NAGLE, Commissioner of Immigration.**

(Circuit Court of Appeals, Ninth Circuit. January 31, 1927.)

No. 4909.

Aliens ⬅32(17)—Fact findings of immigration officers affecting alien's right to enter are conclusive on courts.

Findings of immigration officers on questions of fact, affecting alien's right to enter United States, are conclusive against any inquiry by court, and this rule does not violate due process of law.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California.

Habeas corpus by Fong Quong Hay against John D. Nagle, as Commissioner of Immigration for the Port of San Francisco. Judgment for respondent, and relator appeals. Affirmed.

Geo. A. McGowan, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT and RUDKIN, Circuit Judges, and JAMES, District Judge.

JAMES, District Judge. Appellant, claiming to be the minor child of Fong Quong Hay, a Chinese merchant resident in Oakland, Cal., arrived at the port of San Francisco from China, on July 23, 1924, and sought admittance to this country. He was detained by the immigration authorities. Without making question of the relationship the immigrant bore to the resident alien, or of the age of the applicant, the Secretary of Labor upheld the local examining board in its conclusion that, under the provisions of the Immigration Act of 1924 (Comp. St. §§ 4289¾–4289¾nn), minor children of resident aliens, ineligible to citizenship, were mandatorily excluded.

In September, 1925, a petition for a writ of habeas corpus was filed in the District Court on behalf of this applicant and other Chinese persons similarly affected by the ruling of the Secretary of Labor. While this proceeding was pending in the District Court, a case wherein was presented the material point involved in the matter reached this court, and the question was certified to the Supreme Court of the United States for advice. The Supreme Court, considering the provisions of the Immigration Act of 1924, in connection with the Treaty with China, and its own decisions, concluded that wives and minor children of resident Chinese merchants were not, as they had not theretofore been, excluded. Cheung Sum Shee v. Nagle, 268 U. S. 336, 45 S. Ct. 539, 69 L. Ed. 985.

After the decision just cited was rendered, a "supplemental amendment," as it was termed, to the habeas corpus petition was filed. On June 27, 1925, and prior to the decision cited, the District Court had ordered that the immigration authorities, within thirty days, examine and determine the relationship and mercantile status of petitioner. When the amendment was made to the petition, a further order was allowed requiring the appellee to make return and showing on January 26, 1926, as to "the hearing accorded and had * * * under reference from the court upon the question of the mercantile status of Fong Auk, and the relationship of father and son between him and the said detained." This order further required the Commissioner of Immigration "to present the record of said hearing had in pursuance of the earlier order of this court." The minutes of the District Court show that on February 8, 1926, the district attorney filed a demurrer and return and presented the immigration records, and that, "all parties consenting thereto, it is ordered that said immigration records be filed, * * * and that same be considered as part of the original petition," and that hearing on the demurrer of the district attorney and return to the writ be continued to February 15, 1926. On February 26th following, a minute order appears reciting that the demurrer to the petition "heretofore submitted herein be and the same is hereby sustained, and said petition for writ is denied accordingly."

The immigration record, the original of which is filed here, shows that the board of inquiry, which heard the evidence touching the claimed relationship of the applicant for entry with the resident merchant, received all of the testimony offered, and did not restrict the privilege of the applicant or his alleged father to be fully heard. That board declared in its findings that it was not shown to its satisfaction that appellant was the son of Fong Auk. Discrepancies between the testimony of Fong Auk and appellant were pointed out, referring to the description of the village in China from which both claimed to have come, and in which appellant was said to have been born, as throwing doubt upon the claimed relationship. Other circumstances of such significance as to be entitled to be weighed against the case of appellant were referred to. These findings were affirmed upon appeal taken to the Secretary of Labor, where the

appellant was represented by an attorney, and who filed an extensive brief.

It amounts to but restating what is the statute law and the plain holding of all of the decisions to say that the findings of the immigration officers on questions of fact affecting the right of an alien to enter this country are conclusive against any inquiry by the courts. And it is held that there is no lack of due process of law under such a requirement. " * * *. The final determination of those facts may be entrusted by Congress to executive officers; and in such a case, as in all others, in which a statute gives a discretionary power to an officer, to be exercised by him upon his own opinion of certain facts, he is made the sole and exclusive judge of the existence of those facts, and no other tribunal, unless expressly authorized by law to do so, is at liberty to re-examine or controvert the sufficiency of the evidence on which he acted. * * * It is not within the province of the judiciary to order that foreigners who have never been naturalized, nor acquired any domicile or residence within the United States, nor even been admitted into the country pursuant to law, shall be permitted to enter, in opposition to the constitutional and lawful measures of the legislative and executive branches of the national government. As to such persons, the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law. * * *" Nishimura Ekiu v. United States, 142 U. S. 651, 12 S. Ct. 336, 35 L. Ed. 1146. See, also, Fong Yue Ting v. United States, 149 U. S. 698, 13 S. Ct. 1016, 37 L. Ed. 905. The rule of these decisions was recognized in the case of a Chinese woman claiming right to enter as the wife of a resident merchant. United States v. Gue Lim, 176 U. S. 459, 20 S. Ct. 415, 44 L. Ed. 544.

Particular attention has been given to the law as to the conclusiveness of the findings of the Immigration Board and of the Labor Secretary because of the claim made in this case that, on the hearing on the writ herein, the District Court should have tried the case anew upon the record and weighed the evidence, irrespective of the conclusions expressed by the examining officers. Appellant has cited the cases of Chin Yow v. United States, 208 U. S. 8, 28 S. Ct. 201, 52 L. Ed. 369, and Kwock Jan Fat v. White, 253 U. S. 454, 40 S. Ct. 566, 64 L. Ed. 1010. Each of these cases involved the right of a claimed citizen of the United States to return to this country. The court there intimates that a distinction should be allowed and a liberal review permitted where the right of a citizen is involved, rather than a claimed privilege of a person who admits his alienage. In so far as these last two authorities give support to the contention of appellant, they are readily distinguished because of the class to which the respective applicants claimed to belong.

There was nothing irregular in the manner of proceeding with the hearing on the petition in the District Court under the conditions recited. The right of appellant to fully present his case before the court and before the immigration board seems never to have been unduly restricted. Upon the record here there is no error.

The judgment is affirmed.