**NAGLE, Commissioner of Immigration, v. DONG MING.**

Circuit Court of Appeals, Ninth Circuit. May 21, 1928.

No. 5254.

1. **Aliens ☞32(6)—In Chinese exclusion proceeding, contemporaneous birth record is entitled to great weight; but, in absence of statute, record made 25 years after event has no legal status.**

In Chinese exclusion proceedings, involving claim that applicant's father was born in United States, public record of birth, if contemporaneously made pursuant to law, would be entitled to great weight; but, in the absence of special statute, a record made 25 years after the event had no legal status, and was without substantial probative value, verified statement on which it was entered being entitled to consideration as an affidavit, but record itself being without efficacy.

2. **Witnesses ☞316—Discrepancies do not necessarily indicate falsifying, unless matter involved is such that witness cannot be presumed mistaken.**

If discrepancies in testimony relate to immaterial matters, and to matters of such nature that mistakes may easily exist, and be accounted for in a manner consistent with utmost good faith and probability, there is much reason for indulging belief that they arise from infirmity of human mind, rather than from deliberate error; but where party speaks to a fact in respect to which he cannot be presumed mistaken and his testimony turns out to be untrue, a different inference may reasonably be drawn.

3. **Witnesses ☞316—That witnesses testify in full accord is no ground for inferring collusion, unless identity is in details commonly causing discrepancies.**

If two witnesses testify in full accord respecting matters of which mind is little liable to mistake, the close agreement gives no ground for inferring collusion; but, if there is meticulous identity in details and circumstances which, owing to frailties of mind and memory commonly gives rise to discrepancies in testimony, there may be reasonable ground for inference of collusive fabrication.

4. **Aliens ☞32(8)—Evidence held to warrant finding that Chinese applicant was son of native-born citizen.**

Evidence *held* to warrant finding that applicant for admission to United States was son of native-born citizen of the Chinese race, and therefore entitled to admission, notwithstanding discrepancies in testimony.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Adolphus F. St. Sure, Judge.

Petition for habeas corpus by Dong Ming against John D. Nagle, as Commissioner of Immigration for the Port of San Francisco. From an order granting the writ (20 F.[2d] 388), respondent appeals. Affirmed.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellant.

Stephen M. White, of San Francisco, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. This is an appeal from an order made by the court below, granting a writ of habeas corpus by which the appellee, a Chinese boy, was discharged from the custody of the Commissioner of Immigration at the port of San Francisco. The boy had been denied admission, and was being held for return to China.

Admittedly the petitioner is the son of one Dong Ying, who for many years, including the date of the petitioner's birth, lawfully resided and now resides in the United States, and the case turns upon the question whether or not the father was born in the United States. In support of the claim of such nativity, the record contains the testimony of Dong Ying himself, and of an aged man named Yee Jok, and also their testimony and the affidavits of two white persons and a Chinese person named Gee Chung Ngor, together with a so-called birth certificate, all adduced in other hearings involving the status of Dong Ying, and received as evidence in the instant proceeding.

[1] In his affidavit made on January 16, 1905, Gee Chung Ngor deposed that he was the physician in attendance, and that Dong Ting was born in 1880, at 721 Sacramento street, San Francisco. The birth certificate

from the records of the recorder of San Francisco county is dated January 16, 1905, and is based upon a verified statement of Gee Chung Ngor bearing the same date. Public record of a birth, if contemporaneously made pursuant to law, would be entitled to great weight; but, in the absence of a special statute, a record made, as in the case here, 25 years after the event has no legal status, and is without substantial probative value. The verified statement upon which it was entered may be considered as an affidavit, but the record itself is without efficacy.

Though, in establishing his right to return to this country from time to time after visiting China, Dong Ying put forward his status as a merchant, it is conceded that at all times he has consistently claimed he was born in the United States, at the particular time and place specified in the Gee Chung Ngor affidavit. Both he and Yee Jok so testified, and to the same effect are the affidavits of Edgar and Joseph Da Vega. True, there are certain discrepancies in his testimony and that of Yee Jok, as given at different times, and there is not absolute correspondence between the testimony of the two; but Yee Jok was 77 years old when he testified, and, as noted by the immigration officers, was in such a condition that some measure of confusion was not unnatural. And upon analysis it is found that all discrepancies relied upon by the government, except in one or two instances, relate to chronology, a subject with respect to which we know the human mind is frail, particularly where, as here, a period of 35 to 40 years has elapsed. And the specific discrepancies pointed out are not of such character as to be unreasonable.

[2] We have no disposition to depart from or modify the rules followed in such cases as Jeung Bock Hong v. White (C. C. A.) 258 F. 23, Siu Say v. Nagle (C. C. A.) 295 F. 676, and Fong Quong Hay v. Nagle (C. C. A.) 17 F.(2d) 231, where the right of the administrative officers to inquire into collateral matters for the purpose of testing credibility, and the strict limitation on the power of the courts to interfere, are recognized. But it must be borne in mind that mere discrepancy does not necessarily discredit testimony. It is sometimes urged upon us that the testimony is impeached by its discrepancies, and sometimes by its complete accord. Both propositions are valid. But to be so, and to escape the charge of inconsistency, they must be understood in the light of the reason upon which they rest, and applied only within the range of such reason; otherwise, all testimony would be self-impeaching.

As was said in The Santissima Trinidad, 7 Wheat. (20 U. S.) 283, 337 (5 L. Ed. 454): "If the circumstances respecting which the testimony is discordant be immaterial, and of such a nature that mistakes may easily exist, and be accounted for in a manner consistent with the utmost good faith and probability, there is much reason for indulging the belief that the discrepancies arise from the infirmity of the human mind rather than from deliberate error. But where the party speaks to a fact in respect to which he cannot be presumed liable to mistake," and his testimony turns out to be untrue, a different inference may reasonably be drawn.

[3] Conversely, if two witnesses testify in full accord touching matters in respect of which the mind is little liable to mistake, the close agreement gives no ground for inferring collusion. But if, on the other hand, there is meticulous identity in details and circumstances, which, owing to frailties of mind and memory, commonly give rise to discrepancies in testimony, there may be reasonable ground for the inference of collusive fabrication.

[4] Applying this principle, and bearing in mind the admittedly long residence of Dong Ying in this country, and his consistent claim at all times of birth here, we are of the opinion that, even though but little weight be given to the corroborating affidavits, it would be arbitrary to reject the testimony of the two witnesses, and decline to find the place of birth to be as claimed.

The judgment below was therefore right, and accordingly is affirmed.