RICCIO v. DULLES.
Civ. No. 2430-51.

United States District Court,
District of Columbia.
Nov. 13, 1953.

Joseph J. Lyman, Washington, D. C., for plaintiff.

Leo A. Rover, U. S. Atty., Catherine B. Kelly, Asst. U. S. Atty., Washington, D. C., for defendant.

McLAUGHLIN, District Judge.

In this action Plaintiff, James Riccio, seeks a judgment of this court declaring that he is a citizen of the United States. Section 503 of the Nationality Act of 1940 as amended, 8 U.S.C. § 903. The record shows that Plaintiff was born in Hartford, Connecticut, on September 4, 1913, of alien Italian parents, and that at an early age he was taken to Italy by his father.

The Government contends that Plaintiff became expatriated by voting in the Italian national elections; by joining the Fascist Party in Italy; by serving in the Italian Army after the effective date of the Nationality Act of 1940, and by taking an oath of allegiance to the King of Italy. Act of March 2, 1907, 34 Stat. 1228; Nationality Act of 1940 as amended, 8 U.S.C.A. § 801.

At the conclusion of the trial on the merits the Court found that Plaintiff's voting in the Italian elections of 1948 was the result of actual duress, and the Government conceded that Plaintiff was not put to the necessity of electing to retain his American citizenship upon reaching his majority. Mandoli v. Acheson, 1952, 344 U.S. 133, 73 S.Ct. 135, 97 L.Ed. 146. Hence the only question remaining for determination is whether in the circumstances the Plaintiff expatriated himself by reason of his military service in the Italian Army and, as an incident thereof, his taking of an oath of allegiance to a foreign sovereign.

Plaintiff testified that even though it was known by the Italian authorities that he had been born in the United States, he was, nevertheless, conscripted into the Italian Army in 1934 while a minor, and required to take an oath of allegiance to the King of Italy. Cf. Lehmann v. Acheson, 3 Cir., 1953, 206 F.2d 592. Upon his temporary discharge in 1936 he made application to the American Consul at Naples for an American passport to return to the United States but was advised that he was ineligible for a passport because he had expatriated himself by taking an oath of allegiance to a foreign state. Subsequently, under his original conscription, he was recalled to military service in 1939. Although the Plaintiff offered no formal protest at this time, the record is clear that he feared the consequences of attempting to resist this second call by the Italian military authorities to impress him into their armed forces. See discussion, Acheson v. Maenza, D.C.Cir., 1953, 202 F.2d 453, 459; Tomasicchio v. Acheson, D.C.D.C. 1951, 98 F.Supp. 166, 174. After brief service in Africa he was captured by the British in 1940 and held a prisoner until his release in 1946.

Section 2 of the Expatriation Act of 1907, upon which the Government relies, provides in part "That any American citizen shall be deemed to have expatriated himself * * * when he has taken an oath of allegiance to any foreign state." When the Plaintiff took such an oath in 1934 he was still a minor. In the recent case of Perri v. Dulles, 206 F.2d 586, 588, the Circuit Court of Appeals for the Third Circuit stated, citing cases, "it has been long settled both by administrative practice and judicial decision

* * * that a citizen by birth who has not yet attained his majority cannot expatriate himself by taking an oath of allegiance to a foreign state." In the circumstances the taking of the oath in question by Plaintiff did not, in the Court's opinion, constitute an act of expatriation. Nor does the mere continuance in the service of a conscript in the Italian Army who attains his twenty-first birthday have that effect. Perri v. Dulles, supra. Di Girolama v. Acheson, D.C.D.C.1951, 101 F.Supp. 380.

Recognizing the established law set out above, Defendant has attempted to show confirmation of the Plaintiff's oath of allegiance by certain acts, namely, the securing of an identity card describing his nationality as Italian, and membership in the Fascist Party, which it is contended are inconsistent with his claim of citizenship.

However, after a careful consideration of the record the Court is unable to accept this position. There cannot be expatriation because of the confirmation of these acts unless the intention to relinquish citizenship was clear. Di Girolama v. Acheson, supra; Tomasicchio v. Acheson, supra. "Expatriation is the voluntary renunciation or abandonment of nationality and allegiance", Perkins v. Elg, 1939, 307 U.S. 325, 59 S.Ct. 884, 889, 83 L.Ed. 1320, and "proof to bring about a loss of citizenship must be clear and unequivocal." Baumgartner v. United States, 1944, 322 U.S. 665, 64 S.Ct. 1240, 1243, 88 L.Ed. 1525; Schneiderman v. United States, 1943, 320 U.S. 118, 63 S.Ct. 1333, 87 L.Ed. 1796. Common knowledge of conditions prevailing in Italy at the times in question lends credence to the Plaintiff's testimony that he acted as a result of duress. Thus, the Court is unable to find in the record the high degree of proof required of the Government to establish its case by clear unequivocal and convincing evidence, which does not leave the issue in doubt. Knauer v. United States, 1946, 328 U.S. 654, 657, 66 S.Ct. 1304, 90 L.Ed. 1500.

What has been said above is likewise applicable to the Government's contention that the Plaintiff was expatriated by serving in the Italian Army after the effective date of the Nationality Act of 1940. Section 401(c) of the Nationality Act provides that: "A person who is a national of the United States, whether by birth or naturalization, shall lose his nationality by: * * * (c) Entering, or serving in, the armed forces of a foreign state unless expressly authorized by the laws of the United States, if he has or acquires the nationality of such foreign state". 8 U.S.C.A. § 801(c). Consideration of the legislative history of this section of the Act justifies the conclusion that Congress intended that expatriation should take place only if the prohibited service were voluntary. Dos Reis ex rel. Camara v. Nicolls, 1 Cir., 1947, 161 F.2d 860, 863.

Although recognizing the rule laid down in Acheson v. Maenza, supra [202 F.2d 458], that "duress cannot be inferred from the mere fact of conscription", this Court has nonetheless satisfied itself after a careful consideration of all the circumstances attending the Plaintiff's service in the Italian Army, and the reasonable inferences to be drawn therefrom, that the said army service was rendered under the compulsion of military sanctions, and was impelled by the influence of those who stood in a position of authority. Acheson v. Maenza, supra, Lehmann v. Acheson, supra, Pandolfo v. Acheson, 2 Cir., 1953, 202 F.2d 38, 40, note 3, 41 Op.Atty.Gen. No. 16.

Plaintiff shall prepare proper findings, conclusions, and judgment.