**Vincenzo AUGELLO, Plaintiff-Appellant,**

**v.**

**John Foster DULLES, as Secretary of State of the United States, Defendant-Appellee.**

**No. 175, Docket 23314.**

United States Court of Appeals, Second Circuit.

Argued Feb. 10, 1955.

Decided March 9, 1955.

Ferro & Cuccia, New York City (Josephine Ferro, Joseph F. Cuccia, New York City, of counsel), for plaintiff-appellant.

Leonard P. Moore, U. S. Atty. for E. D. New York, Brooklyn, N. Y. (Cornelius W. Wickersham, Jr., Chief Asst. U S. Atty., Brooklyn, N. Y., of counsel), for defendant-appellee.

Before CLARK, Chief Judge, HINCKS, Circuit Judge, and SMITH, District Judge.

HINCKS, Circuit Judge.

This was an action for a declaratory judgment instituted by appellant under Section 503 of the Nationality Act of 1940, 54 Stat. 1171, former 8 U.S.C. § 903, now 8 U.S.C.A. § 1503. The plaintiff-appellant sought a declaration that he is a citizen of the United States. The court below found (a) that the plaintiff had taken an oath of allegiance to the King of Italy and (b) that he did so voluntarily. On these findings he concluded that the plaintiff had lost his status as a citizen of the United States. From the resulting judgment for the defendant dismissing the complaint, the plaintiff has taken this appeal.

Plaintiff was born in Brooklyn, New York, on May 22, 1916 of alien parents who were citizens of Italy. When five years old his parents took him with them to Italy where he continued to live until 1947. It is undisputed that under the laws of Italy and of the United States he was a citizen of the United States as well as of Italy unless and until he committed an act of expatriation. In 1936, when he was twenty years old, pursuant to Italian law the plaintiff was conscripted into the Italian Army. He served for eighteen months in an army band and then was discharged.

■■ In this action the burden was on the plaintiff to prove that he is a United States citizen. Monaco v. Dulles, 2 Cir., 210 F.2d 760. By proof of birth in the United States, he made out a *prima facie* case of citizenship which was subject to rebuttal by proof of expatriation. But on the issue of expatriation the burden of proof was on the defendant. Monaco v. Dulles, 2 Cir., 210 F.2d 760, Pandolfo v. Acheson, 2 Cir., 202 F.2d 38. In this case, the claimed act of expatriation, see Act of March 2, 1907, 34 Stat. 1228, upon which the defendant relied, was the taking of an oath of allegiance to the Italian King.

■ In our decision in Monaco v. Dulles, supra, [210 F.2d 762] handed down on February 15, 1954, we held that in a case of "duo-citizenship" expatriation of the American citizenship must be proved by evidence which is " 'clear, unequivocal and convincing.' " On March 6, 1953 the judge below entered his finding that the plaintiff, who had been conscripted on November 21, 1936, took the oath of allegiance to the King of Italy on June 5, 1937. The finding was made on conflicting evidence.[1]

---

1. On December 22, 1944, the plaintiff, in Italy, subcribed and swore to an Application for Registration which contained a statement that "I have taken an oath of allegiance to a foreign state." On the same day and before the same Vice Consul of the United States he subscribed and swore to a statement that when in the

Against this background it is perhaps worth noting that in the Monaco case the defendant offered evidence of Italian law which required the oath to be administered " 'as a rule, "en masse," during the first period of military training as soon as the recruits have acquired a suitable degree of soldierly appearance in order to be in harmony with the great solemnity of the event.' " If this provision of the Italian law was in force in 1936 and had been applied to the plaintiff it would seem that if he took the oath at all he would have done so prior to May 22, 1937 when he became of age. And, of course, an oath taken by him when under age would have been ineffective as an act of expatriation. Perri v. Dulles, 3 Cir., 206 F.2d 586.

In this case there was no evidence at all of the applicable Italian law. Even so, the very fact that the plaintiff was conscripted as early as November, 1936 makes it more unlikely that he would have taken the oath as late as June 1937, —at least unless it be assumed without evidence that under Italian military practice the oath is administered to conscripted soldiers at successive intervals throughout a single period of service. In view of the meagre record we have considerable doubt that the Judge would have found that the plaintiff had taken the oath when of age if at the time of his

finding our Monaco opinion had been available to him with its requirement that expatriation must be proved by clear, convincing and unequivocal evidence. However, it is unnecessary to rule definitely on the validity of that finding because we think a reversal is required by error entering into the finding that the oath was taken without duress.

It is true that proof of the taking of an oath, standing alone, imports that it was taken voluntarily. Pandolfo v. Acheson, supra. But that presumption may be rebutted by proof that the oath was taken as an incident of compulsory military service. Perri v. Dulles, supra; Lehmann v. Acheson, 3 Cir., 206 F.2d 592. And in this case, since the findings of the court below show that the plaintiff had been drafted, the presumption of voluntariness was substantially rebutted.

This conclusion, we think, finds support in the case of Mandoli v. Acheson, 344 U.S. 133, 73 S.Ct. 135, 136, 97 L.Ed. 146. That case, like this, was one in which the plaintiff below, also by birth a citizen of both Italy and of the United States, after conscription into the Italian army, sought a declaration of his American citizenship which was denied partly on the ground "that his service in the Italian army was voluntary and that he then took an oath of allegiance to the

Italian army he did not take an oath of allegiance "because absent." The record also included a "Certificate of Expatriation" executed by an American Consul in Italy on September 17, 1937 reciting that the plaintiff joined the Italian army on November 21, 1936 and took the oath of allegiance on June 5, 1937. Nothing in the record shows the source or authenticity of the information on which the Consul's assertions of fact were made. The plaintiff himself testified on cross-examination that when in military service on one occasion, wholly unidentified by date, he was present with a group to which the oath was administered but denied that he then raised his hand or otherwise assented to the oath. Immediately prior to this testimony the Judge remarked that the taking of the oath was referred to in Exhibit 1 which was a three-page certificate of identity issued by an American Consul in Italy

in 1947 wherein the plaintiff had asserted that his right to an American passport had been denied because "I am assumed to have expatriated myself * * * by reason of my having taken an oath of allegiance to the King of Italy on June 5, 1937 in connection with military service in the armed forces of Italy." And the record shows that just prior to plaintiff's testimony in which he admitted his presence at an oath-taking ceremony, defendant's counsel stated he wanted "to refresh the recollection of the witness," apparently by showing him Exhibit 1. Whether the attention of the witness was then called to June 5, 1937 as the date of his alleged oath-taking is not further indicated by the record. Nor was there anything else in the record to indicate that the ceremony, which the plaintiff admitted attending, occurred subsequent to May 22, 1937 when he became of age.

King of Italy." But on appeal the Supreme Court in its opinion said: "The Government abandoned the first ground (i. e. the ground just above stated) because the Attorney General ruled that such service in the Italian army by one similarly situated could 'only be regarded as having been taken under legal compulsion amounting to duress.' He said, 'The choice of taking the oath or violating the law was for a soldier in the army of Fascist Italy no choice at all'." We do not suggest that the position thus taken by the Attorney General then, through any theory of estoppel, precludes the Attorney General now from taking just the opposite position now maintained through the United States Attorney. But we do feel that in Mandoli the Supreme Court indicated an approval of the earlier position taken and that position seems to us to be essentially fairer and more realistic than to treat the taking of the soldier's oath by a conscript as a purely voluntary act. Even under our own Selective Service Act, 50 U.S.C.A.Appendix, § 451 et seq., a citizen who, when reporting for induction pursuant to lawful order of the Selective Service System, refuses to step forward and take an oath of allegiance to the United States, is subject to drastic criminal sanctions. There is no evidence his treatment is less drastic under the Italian law in force when the plaintiff was conscripted into the Italian army.

■ We hold, therefore, that on the evidence in the record here the fact of the plaintiff's conscription into the Italian army was sufficient proof of duress to preclude a finding that his consequent taking of the oath was voluntary. The inference of duress which flows from conscription was doubtless subject to rebuttal by the defendant as, for instance, through evidence that, once conscripted, the soldier volunteered for service more onerous than that mandatorily imposed upon a conscript, or through evidence that Italian law in force at the time permitted the plaintiff to invoke his American citizenship as ground for immunity from service in the Italian army, coupled with evidence that the plaintiff failed to invoke the immunity thus available to him. But there is no such evidence in this case.

The opinion of the court below shows that on the issue of duress the fact of the plaintiff's conscription was disregarded. And since there was no evidence to rebut the inference of duress flowing from the plaintiff's status as a conscript, there is no need to remand for further findings.

Reversed with a direction to grant the declaration sought.