Paula Arguello DE VARGAS, Appellant,

v.

Herbert BROWNELL, Jr., Attorney General of the United States, Appellee.

No. 16732.

United States Court of Appeals
Fifth Circuit.

Jan. 30, 1958.

Albert Armendariz, El Paso, Tex., for appellant.

Holvey Williams, Asst. U. S. Atty., El Paso, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

Appellant, Paula Arguello De Vargas, claims that she was born in Mission, Texas and is an American citizen. She has lived in Pecos, Texas since 1945. Immigration officials contend that she was born at Celaya, Guanajuato, Mexico. They charge that Mrs. De Vargas entered this country January 10, 1954 as an alien without proper immigration documents. After an immigration deportation hearing she was ordered deported. She appealed unsuccessfully to the Board of Immigration Appeals, then filed suit for a declaratory judgment under 8 U.S.C.A. § 1503(a) asking for a declaration that she is an American citizen. The District Court for the Western District of Texas held that Mrs. De Vargas is an alien and had never been a citizen or national of the United States. Now she appeals to this Court.

Such determined efforts as Mrs. De Vargas' to prove American citizenship merit sympathetic consideration within the limits of judicial propriety. Even so, the record will not support a holding that she proved her citizenship by a preponderance of evidence or that the District Court erred.

Mrs. De Vargas testified that her parents, Mexican citizens, told her that she was born in Mission, Texas, January 26, 1928. Augustin Sanchez, who is anxious to marry Mrs. De Vargas, testified that he made a trip to Mexico, where her parents lived, went with them before a county judge, and that her parents swore that their daughter had been born at Mission, Texas on January 26, 1928. This is about the extent of the evidence in her favor.

The government introduced a "delayed birth certificate", based upon a record created in 1956, showing appellant's birth at Mission, Texas January 28, 1928. In a statement, however, taken July 29, 1954, at Pecos, Texas, by Immigrant Inspector Garland A. Inmon, Mrs. De Vargas admitted that she was born January 26, 1929 in Celaya, Mexico and that the "delayed birth certificate" showing birth at Mission, Texas was fraudulently procured for the purpose of establishing a claim to United States citizenship. Mrs. De Vargas testified that the statement was untrue and made under duress, the threat of imprisonment. Inmon denied that the statement was procured

under duress and that any threats were made against Mrs. De Vargas. Phelps, another immigration official produced a copy of a baptismal record of Paula Arguello dated January 27, 1929 at Celaya, Guanajuato, Mexico, showing her birth on January 26, 1929 at a ranch in that vicinity. Immigration records show that Mrs. De Vargas was granted five voluntary departures in 1948 and 1949 and that on each occasion she asserted that she was of Mexican birth and Mexican citizenship.

■■ The burden of proof is on the claimant to prove that she is an American citizen. Augello v. Dulles, 2 Cir., 1955, 220 F.2d 344; Mah Toi v. Brownell, 9 Cir., 219 F.2d 642, certiorari denied 1955, 350 U.S. 823, 76 S.Ct. 49, 100 L.Ed. 735. Appellant's evidence reduces down to her self-serving declarations and an interested witness' testimony, both to be taken with a grain of salt. Lew Wah Fook v. Brownell, 9 Cir., 1955, 218 F.2d 924, certiorari denied 1955, 349 U.S. 944, 75 S.Ct. 872, 99 L.Ed. 1270; Mar Gong v. Brownell, 9 Cir., 1954, 209 F.2d 448. In the Mah Toi case the court held that the claimant failed to show American citizenship, in spite of the claimant's testimony and a California judgment stating the claimant was the son of a United States citizen. In Ng Kwock Gee v. Dulles, 9 Cir., 1955, 221 F.2d 942, the testimony of the father, the claimant, and three other witnesses who testified that they knew that the claimant was an American citizen, was held insufficient to meet the burden of proof. On the merits, the record in this case clearly supports the findings of the trial judge.

Appellant contends that the court erred: (1) in overruling the motion to strike the answer of the United States, because it was filed too late; (2) in denying a continuance on the ground that appellant's father and mother were ill and in Mexico; and (3) in excluding from the evidence the record of the immigration hearing.

■ Rule 12 requires that an answer be filed within sixty days after service on the United States Attorney and, upon failure to file a timely answer, the plaintiff has a right to summary or default judgment. We fail to understand why the legal representatives of the United States should wait one hundred and fifty days to file an answer, should finally file an answer so shortly before trial that appellant's copy reached her counsel by mail one hour before trial, and should then become so obsessed with time being of the essence as to object to appellant's request for a continuance in order to allow appellant's parents (ill and living in Mexico) an opportunity to testify. But the record does not show that the District Court ruled on the motion and, importantly, appellant made no objection to going to trial because of the late filing of the answer. We must, therefore, assume that appellant waived her rights under Rule 12, 28 U.S.C.A.

■ The granting of a continuance to allow material witnesses an opportunity to testify is a matter within the sound discretion of the trial judge. Sweeney v. Anderson, 10 Cir., 1942, 129 F.2d 756. This Court, under the circumstances of this case, might have granted the continuance. We cannot say however that the trial judge's refusal of a continuance was such an abuse of discretion as to constitute reversible error. To justify a continuance because of the unavailability of evidence, it must appear that the missing evidence, if produced, would probably affect the result of the case. Gilbert v. Lachappelle, 1942, 75 U.S.App. D.C. 395, 127 F.2d 750. We may take for granted that the parents would have testified that their daughter was born in Texas, but it is still hard to see how the parents' testimony would have changed the result.

■ There is little merit to appellant's final contention. At a de novo trial, testimony at prior hearing is inadmissible unless it is shown that the presence of the witnesses who testified at the hearing cannot be secured. Smith v. United States, 4 Cir., 1939, 106 F.2d 726.

The judgment is

Affirmed.