Margarita Christina
**PINTO–VIDAL, Petitioner,**

v.

The **ATTORNEY GENERAL OF the
UNITED STATES, et al.,**
**Respondents.**

Civ. A. No. L–87–10.

United States District Court,
S.D. Texas,
Laredo Division.

Dec. 31, 1987.

---

Fausto Sosa, Wilson, Volpe, Freed and Hansen, Laredo, Tex., for petitioner.

Howard Rose, Asst. U.S. Atty., Houston, Tex., for respondents.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Presently pending before the Court is Respondent's motion to dismiss or, in the alternative, motion for summary judgment. Petitioner seeks a writ of habeas corpus as a result of a finding that she was an excludable alien not in possession of a valid immigrant visa. On December 5, 1984, the Immigration Judge ("IJ") concluded that the Petitioner was excludable under § 212(a)(20), 8 U.S.C. § 1251(a)(20). (TR. 33). The Petitioner appealed the IJ's decision and on August 7, 1986, her appeal was dismissed. (TR. 6). This Court has jurisdiction pursuant to 8 U.S.C. § 1105a(b), providing for review of exclusion orders by habeas corpus proceedings. *See, Delgado–Carrera v. U.S.,I.N.S.,* 773 F.2d 629, 631 (CA5 1985).

The applicable standard of review is whether there is substantial evidence in the record to support the exclusion order. *Reyes v. Neelly,* 264 F.2d 673, 675 (CA5 1959); 5 U.S.C. § 706; *see also Brownell v. Tom We Shung,* 352 U.S. 180, 186, 77 S.Ct. 252, 256, 1 L.Ed.2d 225 (1956). Substantial evidence is more than a scintilla but less than a preponderance, and is "such relevant evidence as a reasonable mind might

accept as adequate to support the conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)); *see also Lattig v. Pilliod*, 289 F.2d 478, 480 (CA7 1961). The courts "are not permitted to make an independent inquiry into the facts and try the issues *de novo.*" *Ahn v. District Director of U.S.,I.N.S.*, 418 F.2d 910, 911 (CA9 1969).

At the hearing, the IJ found the following facts: (1) a delayed Texas birth certificate dated November 3, 1977, indicating that the Petitioner was born on March 10, 1967 in Laredo, Texas, delivered by a midwife; (2) a baptismal certificate dated June 23, 1967, from Our Lady of San Juan Church in Nuevo Laredo, Mexico, showing that the Petitioner was born in Laredo, Texas; (3) a U.S. social security card registered to the Petitioner; (4) a birth certificate for the Petitioner's sister showing that the sister was born on September 25, 1975 in Laredo, Texas, apparently delivered by the same midwife; and (5) a Mexican birth certificate, indicating that on April 18, 1967, the Petitioner's father registered her as having been born on March 10, 1967 in Nuevo Laredo, Tamaulipas, Mexico. Petitioner's mother and father also testified that Petitioner was born in Laredo. Her father said he falsely registered her as being born in Mexico so that she could have a Mexican birth certificate in order to attend Mexican public schools. (TR. 75).

As the trier of fact, it is the IJ's duty to determine the credibility of the witnesses. *Vasquez–Mondragon v. I.N.S.*, 560 F.2d 1225, 1226 (CA5 1977). This Court may not substitute its judgment for that of the Board of Immigration Appeals or the IJ with respect to the credibility of the testimony or the ultimate findings of fact. *Id.* at 1226. Furthermore, decisions turning purely on the IJ's assessment of a witness' credibility are not reviewable. *Mantell v. U.S. Dept. of Justice INS*, 798 F.2d 124, 127 (CA5 1986).

■ At the hearing the Petitioner had the burden of proving her U.S. citizenship by a preponderance of the credible evidence. *De Vargas v. Brownell*, 251 F.2d 869, 870 (CA5 1958). The IJ concluded that the Petitioner did not meet her burden of proof. (TR. 33). This Court, after reviewing the record, is forced to conclude that the IJ's opinion is supported by substantial evidence.

■ The Petitioner suggests several reasons why the IJ's decision should be rejected. First, the Petitioner claims that the weight afforded her delayed Texas birth certificate was incorrect. Particularly, she contends that the IJ rejected that certificate based on an erroneous reading of *Nagle v. Dong Ming*, 26 F.2d 438 (9th Cir. 1928). There is admittedly one line of the IJ's opinion which could be constructed as holding that a delayed birth certificate has no probative value as a matter of law. It is clear from the entire opinion, however, that the IJ did not adopt that erroneous view. Instead, on the prior page (TR. 29), he correctly recognized that Rule 54a of Art. 4477, V.A.T.S., would make the delayed birth certificate "prima facie" evidence of the information contained therein. Such evidence was rebuttable, not conclusive. *Mah Toi v. Brownell*, 219 F.2d 642, 644 (CA9), *cert. denied*, 350 U.S. 823, 76 S.Ct. 49, 100 L.Ed. 735 (1955); *see also De Vargas*, 251 F.2d at 871; *Tindle v. Celebrezze*, 210 F.Supp. 912, 915 (S.D.Cal.N.D.1962). "Prima facie evidence is a minimum quantity. It is that which is enough to raise a presumption of fact; or, again, it is that which is sufficient, when unrebutted, to establish the fact." *Mah Toi*, 219 F.2d at 644 (quoting *Otis & Co. v. Securities & Exchange Commission*, 176 F.2d 34, 42 (CA D.C.), *rev'd on other grounds*, 338 U.S. 843, 70 S.Ct. 89, 94 L.Ed. 516 *reh'g denied* 338 U.S. 888, 70 S.Ct. 187, 94 L.Ed. 545 (1949)). Primarily because of the contemporaneous Mexican birth certificate, the IJ concluded that the Government sufficiently rebutted the Petitioner's prima facie evidence because "a record of birth contemporaneously made by governmental authority in official records would be almost conclusive evidence of birth." *Liacakos v. Kennedy*, 195 F.Supp. 630, 631 (D.C.1961).

The Petitioner also claims that the IJ did not give proper weight to the Petitioner's baptismal certificate. The Petitioner relies primarily on two federal regulations for this premise. One states that a baptismal certificate may be used as evidence of citizenship in the absence of a birth certificate if it was made within two months after birth. 8 CFR § 204.2(a). The other considers a baptismal certificate as secondary evidence of birth when applying for a passport. 22 CFR § 5143(b). Both of these regulations, however, allow the use of baptismal certificates only in the absence of a birth certificate. Here, there was not only one birth certificate but two, making the regulations inapplicable. Further, § 204.2(a) limits consideration to baptismal certificates issued within two months of birth.

Finally, the Petitioner claims error because the IJ rejected the testimony of her parents. As previously mentioned, this Court is not allowed to substitute its judgment for that of the IJ. It is the IJ's duty to determine the credibility of the witnesses.

It is clear that the IJ was primarily persuaded by the Petitioner's contemporaneous Mexican birth certificate. While there was obviously evidence which could have supported a contrary result, it cannot be said that his conclusion was an unreasonable one. One could validly question why Petitioner's parents would deliberately arrange for her to be born in this country but not record that fact for ten years. Because Petitioner's father testified that he filed a false declaration with Mexican authorities in order to obtain certain benefits for his daughter, the IJ cannot be considered unreasonable for believing that the certificate from the midwife—who was not available to testify—could have been obtained for the same purpose.

This is clearly a close case but in view of the nature of the substantial evidence test, the Government' motion must be GRANTED.