**Marcelino CASARES–MORENO,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 14495.

United States Court of Appeals
Ninth Circuit.

May 26, 1955.

Carl Yanow, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Louis Lee Abbott, Cecil Hicks, Jr., Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before FEE and CHAMBERS, Circuit Judges, and TAYLOR, District Judge.

PER CURIAM.

Defendant was indicted under 8 U.S. C.A. § 1326, which provides that an alien who has been arrested and deported

and thereafter enters, attempts to enter or is found at any time in the United States shall be guilty of a felony. Defendant was tried before a jury and convicted. There is only one question in the case. Defendant introduced in evidence a certified copy of a birth certificate recorded in Los Angeles in 1936, pursuant to an order of the Superior Court, which purported to show that he was born on September 21, 1906, in Los Angeles County, California, under the name of Miguel Casares. The proceeding in which the decree was entered was in the Superior Court of Los Angeles County, and was commenced voluntarily by defendant and was based upon a baptismal record from the Plaza Church for Miguel Casares.

The contention made here is that the birth certificate entered in accordance with the decree of the California court was conclusive as to his place of birth. The trial judge instructed the jury that the certificate so filed was prima facie evidence only. The contention here is that full faith and credit was not thereby given to the order of the Superior Court permitting the filing of this birth certificate in 1936. While it is conceded that the constitutional requirement of full faith and credit found in Article IV, Section 1, Federal Constitution, applies only to states, it is claimed that the doctrine has been adopted by Congress, 28 U.S.C.A. § 1738, and made applicable in proceedings in the federal court. This section reads in part:

"Records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States * * * as they have by law or usage in the courts of such State * * * from which they are taken."

In California, by law, a record of birth properly certified and recorded "shall be prima facie evidence in all courts and places of the facts therein stated." Section 21 of Act 9008, Deering's General Laws of California, Volume 3. In accordance with Section 21 (b), Deering's General Laws of California, Volume 3, Act 9008 also, it is permitted, where the proper registration of the birth certificate is not made, to have a petition to the court to establish the record after hearing, which was the procedure apparently followed by defendant.

When the certificate of birth, so recorded, was admitted in evidence by the court and given prima facie weight, the provisions of the federal statute above quoted were satisfied. Ex parte Lee Fong Fook, D.C., 74 F.Supp. 68; Mah Toi v. Brownell, 9 Cir., 219 F.2d 642.

There was overwhelming evidence that the defendant was born in Mexico. His half sister, who is many years older than he, testified that the child Miguel Casares, who was born in the United States at Santa Ana and was baptized there, died within a few months and that the name of the defendant, her brother, was Marcelino. She testified definitely that he was born in Mexico. Defendant himself testified that he had told the immigration officer in 1928 that he was a citizen of Mexico, that in 1935 he was deported to Mexico, and the record showed that in 1926 defendant applied for a marriage license using the name Marcelino Casares and gave his place of birth as Mexico. There was also admitted a certified copy of death certificate of Miguel Casares, revealing that he died at Santa Ana, California, in April, 1907, at the age of six months.

Full faith and credit was extended to the judgment of the California state court, and the prima facie proof was overwhelmingly rebutted to the apparent satisfaction of the jury.

Affirmed.