Beatrice L. TYLER (Petitioner), Respondent,

v.

The BOARD OF EDUCATION OF the CITY OF ST. LOUIS (Intervenor), Appellant.

No. 29793.

St. Louis Court of Appeals.

Missouri.

Nov. 5, 1957.

Motion for Rehearing or for Transfer to Supreme Court Denied Dec. 2, 1957.

Emmet T. Carter, Hubert I. Binowitz, St. Louis, Carter, Bull & Baer, St. Louis, of counsel, for appellant.

Francis L. Kane, St. Louis, for respondent.

WOLFE, Commissioner.

This is an action brought by the petitioner under Section 193.220 RSMo 1949, V.A.M.S., to establish the date and place of her birth, which she alleges was on February 9, 1889, in the city of Cadiz, in the state of Kentucky. The Board of Education of the City of St. Louis intervened on the ground that the petitioner was employed by the board as a school teacher and that the petitioner was under a retirement plan which provided for compulsory retirement when a teacher reached seventy years of age. The intervenor alleged that the date that they had accepted as the petitioner's birth date was February 9, 1887, which would make it necessary for the petitioner to retire now under Section 169.460 RSMo 1949, V.A.M.S., which fixes the compulsory retirement age. The court found that the petitioner was born as she alleged on February 9, 1889. The intervenor prosecutes this appeal.

The petitioner testified that she was born in Cadiz, Kentucky, on February 9, 1889 and she offered in evidence a birth certificate issued by the state registrar of the state of Kentucky. This certificate dated April 7, 1953, was a delayed certificate of a type issued by that state for births occurring prior to 1911. The witness stated, and the certificate shows, that it was issued upon the affidavit of Mack Tyler, her uncle, 74 years of age at the time of making the affidavit, and Edward Street, 82 years of age at the time. To obtain the certificate

she had also submitted her voters registration record. She testified that her mother's name was Mary Perkins Waddington Tyler and that her father was Cyrus Lue Tyler. They moved to St. Louis when she was three or four years old. She said that she entered Dumas School in St. Louis at the age of four. There was a rule at that time that a child would not be admitted until it was six years of age, but she was large for her age and her mother falsely stated that she was six years old so that she could be admitted.

Petitioner then attended an elementary public school in St. Louis called L'Ouverture School and graduated from that school in 1901. From there she went to Roger Williams University in Nashville, Tennessee, which she attended for three years and graduated in 1904. After this she entered Sumner Normal in St. Louis, taking a special course in kindergarten work. She continued in this training until 1906. In June of that year she received a certificate from the Board of Education that she was qualified for kindergarten work. Since that time she has been a kindergarten teacher in the schools of St. Louis.

A policy of insurance issued on the petitioner's life by the Metropolitan Life Insurance Company was introduced. This policy, which was issued in 1927, originally had noted the insured's birth date as 1890. This date was changed in the policy in January, 1953, to read 1889. There was also introduced a certificate of registration issued by the Board of Election Commissioners of the City of St. Louis, which gave the petitioner's birth as February 9, 1889. Her original registration birth date in the election commissioners' office had been 1892. The change had been made at the petitioner's request when she presented the life insurance policy to the Election Commissioners' Registration office.

The intervenor introduced in evidence records of Miss Tyler's public school attendance, which showed that her age was two years earlier than she was claiming

it to be. She accounted for this by saying that since her age had been falsified by her mother upon her first entrance to the public schools the two years discrepancy was carried on. In 1944, she mailed to the board two affidavits of persons who certified that they knew her birth to be 1895. In June of 1944, she gave her birth date as 1898. By letter in 1952 she told the board of her insurance policy which then carried the date of 1890. A record filled out for the Board of Education in 1951 gave the year of her birth as 1899. Another card record of the board signed by Miss Tyler gives the date of her birth as 1894. The petitioner stated that there were times when she was uncertain of her age but after she was grown up she knew it. She said that she had given different ages because she thought "a woman's age was her own prerogative". She said that she didn't think that the age she gave "would be held against her".

Upon the foregoing evidence the court found in favor of the petitioner and decreed that the birth date of the petitioner was on the 9th of February, 1889.

█ It is claimed by the appellant that the petitioner failed to present sufficient credible evidence to support the court's decree. It is first asserted that the failure of the petitioner to call as a witness her uncle, Mack Tyler, and Edward Street, who had made the affidavits required by the state of Kentucky for the delayed birth registration, raised a presumption that their testimony would be unfavorable to the petitioner's cause. We are cited to two cases which the appellant considers in support of this proposition. These are: Williams v. Ricklemann, Mo., 292 S.W.2d 276, and Block v. Rackers, Mo., 256 S.W.2d 760. These both deal with the propriety of counsel's argument which called the jury's attention to the fact that a defendant present in the courtroom had failed to take the witness stand. The court held in both cases that the failure of a party to testify in his own behalf or to call certain witnesses

having knowledge of the issue, raised a presumption that such testimony would have been unfavorable. In other words, the party himself must testify or present witnesses to avoid the presumption that arises from his failure to do either. This does not mean that all available witnesses must be called by the party. The petitioner herself testified at length and presented to the court the birth certificate of the state of Kentucky, so we indulge in no presumption that other persons if called would have testified adversely to her claim.

The birth certificate was duly authenticated as a record of the state of Kentucky. Such certificates are not conclusive evidence of what they recite, but if they are to be of any value whatsoever they must be accorded the weight of prima facie evidence. Lynde v. Western & Southern Life Ins. Co., Mo.App., 293 S.W.2d 147; Casares-Moreno v. United States, 9 Cir., 226 F.2d 873.

It is asserted that the petitioner's inconsistent statements made prior to her action destroyed the value of her testimony. We are cited to Adelsberger v. Sheehy, 332 Mo. 954, 59 S.W.2d 644, and Foerstel v. St. Louis Public Service Co., Mo. App., 241 S.W.2d 792. Both of these cases re-assert the rule that where a party relies upon his own testimony to prove a material issue and he testifies to facts that are self-contradictory so that if one set of facts is believed they are against him and if the other set of facts is believed he is supported, he makes no case for the statements destroy each other in the absence of other testimony to show which is true.

This applies to the testimony given at the trial and not to statements made out of court. The testimony of the petitioner did not vary. She stoutly insisted throughout the hearing that the year of her birth was 1889. She admitted having given false dates to the intervenor on the occasions mentioned in evidence. Apparently she did not at first see or understand the effect of so doing and as she said she considered it her prerogative to give any age that she saw fit. The various birth dates previously given were, of course, in conflict with her testimony and were to be considered in weighing her credibility as a witness. Whether or not she was a credible witness was within the province of the trial court to decide.

For the reasons stated, it is the recommendation of the Commissioner that the judgment be affirmed.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly affirmed.

RUDDY, P. J., and MATTHES and ANDERSON, JJ., concur.