**Barbara ATLEY, Plaintiff-Appellant,**

v.

**George WILLIAMS et al., Defendants-Respondents.**

**No. 33920.**

St. Louis Court of Appeals, Missouri.

Oct. 26, 1971.

Arthur L. Swinnerton, St. Louis, for plaintiff-appellant.

Aubuchon & Walsh by Ross G. Lavin, St. Louis, for defendants-respondents.

CLEMENS, Commissioner.

The issue here: Was plaintiff's favorable testimony robbed of its probative force by her contradictory statements on cross examination and in her deposition? We say no and reverse the trial court's order directing a verdict against plaintiff.

Plaintiff sued defendant taxicab owners for damages arising from a collision when their taxicab made a U-turn into the path of plaintiff's automobile. The trial court found plaintiff had not made a submissible

case and directed a verdict against her. Plaintiff appeals.

The collision occurred on a dark, rainy night on Broadway in St. Louis. Plaintiff was driving north at 25 miles per hour in the lane nearest the center line. Defendants' taxicab was then parked facing north in the right-hand curb lane, in the process of taking on a passenger. As to defendants' liability:

Plaintiff testified: "Q Now, do you recall prior to the accident seeing a vehicle, Lemay Cab Company vehicle? A Parked in front of the tavern as I approached it. Q About how far were you from the vehicle when you first observed it? A Well, not too far—far away from the cab; he pulled out in front of me. Q Well, would you be able to estimate when you first observed it how far away you were? A No, I don't really know. * * * Q Now, how far were you from him when he started up? How many feet, if you can estimate. How close were you to him? A When he pulled out in front of me? About two car lengths, I imagine. Q About two car lengths. And do you know how many feet that would be? A No, sir."

Plaintiff added that the taxicab driver was then looking in the other direction, over his right shoulder. Plaintiff braked and slid but the front end of her car struck the left side of the cab broadside.

Plaintiff's passenger, her daughter, testified she first saw the cab when it was a few feet away, headed west across Broadway, and that the taxi driver was then facing away from her. The investigating police officer quoted defendants' driver as saying he was making a "left U-turn."

This testimony, standing alone, was substantial evidence of defendants' negligence. Defendants tacitly concede this but contend other testimony by plaintiff was so "contradictory and inconsistent with regard to material facts" that it is "devoid of probative value." Defendants point first to

plaintiff's trial testimony on cross examination and next to her deposition testimony. These in turn.

■ The rule on destructive testimony is stated in Ringeisen v. City of St. Louis, Mo.App., 238 S.W.2d 57[2]: "In order for contradictions and inconsistencies in a party's testimony to preclude his recovery as a matter of law they must be diametrically opposed to one another with respect to some vital question in the case, Forsythe v. Railway Express Agency, Mo.App., 125 S. W.2d 539, 541; so contradictory and without explanation as to preclude reliance thereon, Walsh v. Terminal R. Ass'n of St. Louis, 353 Mo. 458, 182 S.W.2d 607; so self-contradictory that they rob the testimony of all probative force, Schonlau v. Terminal R. Ass'n of St. Louis, 357 Mo. 1108, 212 S.W.2d 420, loc. cit. 423; and so glaring as to *conclusively* show that the party testified untruthfully one way or the other, O'Bauer v. Katz Drug Co., Mo.App., 49 S.W.2d 1065, loc. cit. 1073. Otherwise, the inconsistencies in plaintiff's testimony are for the jury to resolve. (Citing cases)." We emphasize the qualification that the contradiction must concern a vital question in the case. Boehm v. St. Louis Public Service Co., Mo., 368 S.W.2d 361[1].

To invoke this rule defendants cite their cross examination of plaintiff: "Q Well, I'd like to know if I can your speed at the first time you saw the cab? A Oh, about 25, I would say. Q And was this before or after or during the time you were crossing the railroad tracks? A It was after I crossed the tracks. Q Was it right after you crossed the tracks? A Yes, sir. Q Now, at this point was the cab moving or stopped? A No; I think he was getting in the cab. * * * Q All right. Now, again with reference to the first time you saw the cab, you had just crossed the tracks, you were driving about 25 miles an hour, and the cab was stopped; was it stopped in front of this tavern? A (No response.) Q On the east side of the street? A Yes, sir. Q

**870**

In the parking lane, is that correct? A In front, yes, sir. Q All right. And the driver was just getting in? A Well, one leg in and slamming the door."

 Defendants assert plaintiff's self-contradiction by arguing that she testified she was two car lengths back from the cab when she first saw it. The record does not so show. The testimony heretofore quoted was that plaintiff could not estimate that distance but did estimate she was two car lengths from the cab when it pulled out from the curb. We fail to find the claimed contradiction. Perhaps plaintiff's response to cross examination was vague but it was not contradictory.

It is more reasonable to find plaintiff was describing the cab's position at two points, first when it was still parked at the curb and later when it pulled out in front of her. In any event, nothing said by plaintiff is diametrically opposed to her positive testimony that the cab made a U-turn into her path. That was the vital factual issue. We deny defendants' first point.

 Defendant also relies on an inconsistent statement in plaintiff's deposition: "Q Page 13. 'Question: Where was this car when you first saw it for the very first time? Answer: He was pulling away from the curb right in front of me.'" This answer did contradict plaintiff's trial testimony that she first saw the cab as she crossed the railroad tracks—at some unstated distance from the cab. But this did not concern the vital issue in the case, the defendants' U-turn. Furthermore, the rule about destructive contradictions applies only to contradictions between parts of a party's trial testimony, not to trial statements inconsistent with a deposition. Those are merely for impeachment, for the jury's consideration in weighing the party's credibility. Tyler v. Board of Education of City of St. Louis, Mo.App., 306 S.W.2d 601[4, 5]; Holmes v. Egy, Mo.App., 202 S.W.2d 87[6, 7].

We hold that neither the cross examination nor the deposition destroyed the probative force of plaintiff's direct testimony. Accordingly, the trial court erred in taking the case from the jury. The judgment is reversed and the case is remanded for a new trial.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, the judgment is reversed and the case is remanded for a new trial.

BRADY, P. J., WOLFE, J., and LACKLAND H. BLOOM, Special Judge, concurs.

DOWD, J., not participating.