**UNITED STATES of America**

v.

**Emma F. LOPEZ.**

**Crim. No. L–80–10.**

United States District Court,
S..D. Texas,
Laredo Division.

Feb. 15, 1980.

Emilio "Chito" Davila, Jr., Asst. U. S. Atty., Laredo, Tex., for plaintiff.

J. G. Hornberger, Jr., Laredo, Tex., for defendant.

ORDER

KAZEN, District Judge.

The Defendant, Emma F. Lopez, was indicted for conspiracy to procure a certificate of American citizenship for a person not entitled to one as well as the underlying substantive offense. 18 U.S.C. §§ 371, 1425 (1976). The Defendant has moved to dismiss the indictment apparently on the ground that the document which forms the basis of the indictment, namely, a Texas birth certificate, is not a "certificate or evidence of . . . citizenship" as that term is used in the statute. *Id.* § 1425. Although the Defendant has cited no cases in support of her position, she is perhaps relying on cases interpreting section 1546, which is also contained in Title 18 of the United States Code. *See generally United States v. Campos-Serrano,* 404 U.S. 293, 92 S.Ct. 471, 30 L.Ed.2d 457 (1971); *United States v. Vargas,* 380 F.Supp. 1162 (E.D.N.Y.1974). In a recent case, this Court dismissed an indictment under section 1546 and held that possession of a Texas Delayed Birth Certificate could not form the basis for a conviction under that statute since it was not an entry document issued by the United States. *United States v. Elizondo,* No. L–79–269 (S.D.Tex. Jan. 22, 1980). The decision in that case, however, was limited to violations of section 1546, which by its terms, proscribes possession of "document[s] required for entry into the United States. . . ." 18 U.S.C. § 1546 (1976). The statute under which the Defendant is charged is not so limited.

The only question which this Court must then address is whether a Texas birth certificate is a "certificate or evidence of . . . citizenship." *Id.* § 1425. This Court has been unable to locate any cases construing

---

**3.** *Powelton Civic Home Owners Ass'n v. Department of Housing & Urban Development,* 284 F.Supp. 809, 840 (E.D.Pa.1968).

this term within the context of section 1425. However, the same term is also employed in 18 U.S.C. § 1015(c), which proscribes the use of certain documentary evidence of citizenship knowing it to be false. *See id.* § 1015(c). A federal court, interpreting that statute, has held that a Puerto Rican birth certificate was "the type of documentary evidence of citizenship covered by § 1015(c)." *United States v. Rodriguez Serrate*, 534 F.2d 7, 11 (1st Cir. 1976).

Moreover, it must be noted that section 1425 refers to "any certificate *or evidence of . . . citizenship*" and the indictment in this case speaks of "documentary evidence of citizenship". Even if a Texas birth certificate might not be a "certificate of citizenship", the Court believes that it would unquestionably be "evidence of citizenship". *See generally Casares-Moreno v. United States*, 226 F.2d 873, 874 (9th Cir. 1955); *Toi v. Brownell*, 219 F.2d 642, 644 (9th Cir. 1955); *Liacakos v. Kennedy*, 195 F.Supp. 630, 632 (D.D.C.1961).

A violation of section 1425 having been properly alleged, the Defendant's Motion to Dismiss the Indictment is hereby DENIED.