# SUN–MAID RAISIN GROWERS ASS'N. v. NEUSTADTER BROS.

No. 9508.

Circuit Court of Appeals, Ninth Circuit.

Oct. 28, 1940.

George E. Farrand and Edward W. Tuttle, both of Los Angeles, Cal., for appellant.

Dinkelspiel & Dinkelspiel, Martin J. Dinkelspiel, and David Lener, all of San Francisco, Cal., for appellee.

Before WILBUR, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellee, Neustadter Brothers, a California corporation, brought this action in a state court of California against appellant, Sun-Maid Raisin Growers Association, a Delaware corporation, to recover of appellant $5,000, with interest and costs. The action was, on petition of appellant, removed from the state court to the District Court of the United States for the Northern District of California. There appellant answered. The answer contained no counterclaim. No reply was ordered and none was filed. Thus, with the filing of the answer, the pleadings were closed.[1] Thereafter appellee moved for judgment on the pleadings.[2] The motion was granted and judgment was entered in appellee's favor for the full amount claimed. From that judgment this appeal is prosecuted.

The complaint is in two counts. Count 1 alleges that appellant issued and delivered to appellee 25 debentures dated July 1, 1923, each in the sum of $100 (a total of $2,500), bearing interest at the rate of 5% per annum payable annually on the first day of July, the principal thereof being due and payable on July 1, 1938; that appellee, since the issuance and delivery of said debentures to it, has been and is now the owner and holder thereof; that a specimen copy of said debentures, marked "Exhibit A," is annexed to and made part of the complaint; and that no part of the principal of said debentures, nor any part of the interest accruing thereon since July 1, 1929, has been paid. The answer, by failing to deny, admits these allegations.[3]

Count 2 alleges that appellant issued and delivered to Greenebaum, Weil & Michels, a California corporation (hereafter called Greenebaum), five debentures dated July 1, 1923, each in the sum of $500 (a total of $2,500), bearing interest at the rate of 5% per annum payable annually on the first day of July, the principal thereof being due and payable on July 1, 1938; that a specimen copy of said debentures, marked "Exhibit B," is annexed to and made part of the complaint; and that no part of the principal of said debentures, nor any part of the interest accruing thereon since July 1, 1929, has been paid. The answer, by failing to deny, admits these allegations.

Count 2 further alleges that on April 19, 1939, said last-mentioned debentures were by Greenebaum transferred to bearer and were thereupon delivered to appellee, and that appellee ever since has been and is now the owner and bearer of said debentures. The answer states that, as to these matters, appellant has no information or belief and, on that ground, denies these allegations.[4] On motion of appellee, this denial was stricken from the answer. Subsequently the parties stipulated that no point

---

[1] Federal Rules of Civil Procedure, rule 7(a), 28 U.S.C.A. following section 723c.

[2] Id., Rule 12(c).

[3] Id., Rule 8(d).

[4] Id., Rule 8(b).

would be made on the denial or on the order striking it, and none was made. Thus, in effect, appellant has conceded that the denial was properly stricken.

As an affirmative defense to both counts, the answer states that all the debentures therein mentioned were issued under and subject to the provisions of an indenture dated July 1, 1923, between appellant and Anglo-California Trust Company, as trustee,[5] and that, at and prior to the commencement of this action (June 22, 1939) and at the time the answer was filed, debentures similarly issued under said indenture were outstanding in the total principal sum of $182,400. A copy of the indenture is annexed to and made part of the answer. Sections 2, 3 and 4 of article 4 of the indenture read as follows:

"Section 2. If, by a decree of a court of competent jurisdiction, [appellant] shall be adjudicated a bankrupt, or by order of such a court, a receiver shall be appointed of the property of [appellant] upon the application of any creditor in any insolvency or bankruptcy proceeding or other creditors' suit, and any such decree or order shall have continued unstayed on appeal or otherwise and in effect for a period of sixty (60) days, or if [appellant] shall file a petition in voluntary bankruptcy or shall make an assignment for the benefit of creditors or shall consent to the appointment of a receiver or receivers of all or any substantial part of its property, or if [appellant] shall default in the payment of any interest due and payable hereunder and such default shall continue for a period of thirty days, then anything herein or in said debentures to the contrary notwithstanding, said debentures shall be declared by the trustee, by written declaration, due and payable, which declaration shall be made by said trustee on its own initiative or upon the written request of the owners or holders of debentures to the extent of ten per cent (10%) of the face value of debentures at that time outstanding. * * *

"Section 3. Upon final maturity of said debentures [July 1, 1938], if they shall not be paid on or prior to that time, or in the event of the acceleration of the maturity thereof prior to said final maturity date, the trustee shall have power and is hereby authorized to enforce the rights of the said debenture owners by appropriate legal or equitable remedy as the trustee may be advised by its counsel is most effectual to protect and enforce any of its rights or duties hereunder, or the rights of said debenture holders.

"Section 4. No holder of any debenture shall have any right to institute any suit, action or proceeding for the execution of any rights hereunder or for the appointment of a receiver or for any other remedy hereunder, or, to enforce said debenture or debentures, except only and through said trustee, and then only if and when not less than twenty-five per cent (25%) in principal amount of the debentures then outstanding previously shall have given to the trustee written notice and shall have properly indemnified it in connection with any suit or action to be instituted or brought by said trustee, and such notice and indemnity are hereby declared in every case, at the option of the trustee, to be conditions precedent to the execution of the powers and trusts of this indenture and to any action or cause of action in any matter connected herewith or with said debentures; it being understood and intended that no one or more holders of debentures shall have any right in any manner whatever by his or her action to enforce any right hereunder or with respect to the debenture, except in the manner herein provided, and that all proceedings at law or in equity shall be instituted, had, and maintained in the manner herein provided, and for the equal benefit of all holders of all of the debentures then outstanding similarly situated; and the said trustee is hereby given full power and authority to proceed on behalf of said, or any of said, debenture holders (upon receiving adequate indemnity) to enforce their rights by suits at law or in equity on any default of [appellant] hereunder; provided, however, that nothing in this article or elsewhere in this indenture or in the debentures contained, shall affect or impair the obligation of [appellant] to pay at the date of maturity therein expressed [July 1, 1938] the principal of the debentures to the respective owners or registered holders of the debentures at the time and place in the debenture expressed, including said interest thereon, or affect or impair the right of action, which is also absolute, of such holders or registered owners to enforce such payment."

 Despite the admitted fact that the debentures here involved matured prior to the commencement of this action and were

---

[5] This appears also from Exhibits A and B annexed to the complaint.

not paid, appellant contends that an action to enforce payment of the debentures could not be maintained by the holder thereof, but could only be maintained by the trustee. Thus appellant would have us disregard the proviso with which section 4 concludes and treat the initial clause thereof as controlling. This we decline to do. For the initial clause is explicitly limited and qualified by the proviso. Furthermore, when section 4 is read in connection with sections 2 and 3, it is clear that section 4 is dealing with two kinds of actions for the enforcement of debentures: (1) Actions brought prior to the maturity date—July 1, 1938—specified in the indentures and (2) actions brought after that date. The initial clause of section 4 applies to the first, the proviso to the second. Compare Bullowa v. Thermoid Co., 114 N. J.L. 205, 176 A. 596; Mermelstein v. Thermoid Co., 3 Cir., 85 F.2d 913.

Appellant asserts that the District Court erred "in rendering and entering judgment for [appellee] alone * * * without limitation or restriction as to the rights of other debenture holders and other creditors," and "in rendering and entering judgment for [appellee] without imposing any limitations as to its enforcement and relative priority as respects preferred stockholders and creditors, secured and unsecured, in the event of dissolution, bankruptcy or liquidation." These errors, if such they were, are not shown to have prejudiced appellant.

Judgment affirmed.