[Civ. No. 13151.  First Dist., Div. Two.  Nov. 25, 1946.]

THE PEOPLE, Respondent, v. WILLIAM KELLY, Appellant.

Walter H. Duane for Appellant.

John J. O'Toole, City Attorney, and Bernard J. Ward, Jr., Deputy City Attorney, for Respondent.

DOOLING, J.—This is an appeal from a judgment of the juvenile court ordering appellant, as father of Richard Lee Kelly, who had previously been adjudged a ward of said juvenile court, to pay the sum of $42.50 per month for the support and maintenance of said child. The sole ground urged upon appeal is the insufficiency of the evidence to establish the relationship of father and child between appellant and the ward of the court.

On the hearing an uncertified document signed only with a rubber stamp "Wilton L. Halverson, M.D., Registrar of Vital Statistics" was introduced in evidence, not only without objection from counsel for appellant, but actually at his insistence. This document is addressed to "State Department of Public Health, Division of Vital Statistics" and is a request to verify certain records including the following:

| "Marriage | Place | Date |
|---|---|---|
| William Kelly and Theresa Wenstrom | S.F. | 11-23-35." |

No correction was made in these particular words and figures, and above Dr. Halverson's name so stamped on the document are the words:

"The above has been found correct with exceptions as noted."

While not the best evidence this document admitted as it was, not only without objection but actually at appellant's request, is sufficient to establish that the records of the depart-

ment show that William Kelly and Theresa Wenstrom were married on November 23, 1935. ▉ Incompetent evidence introduced by consent or without objection is sufficient to support a finding. (*Nelson* v. *Fernando Nelson & Sons*, 5 Cal. 2d 511, 518 [55 P.2d 859] ; *Blume* v. *MacGregor*, 64 Cal.App. 2d 244, 252 [148 P.2d 656] ; *Weiss* v. *Bank of America*, 57 Cal.App.2d 892, 895 [135 P.2d 584].)

▉ A certified copy of a birth certificate was produced by counsel for appellant under the following circumstances. At the close of the hearing the record shows the following colloquy between the court and counsel for the appellant:

"The Court: The case will be continued for two weeks to secure a certified birth certificate from the State Department of Vital Statistics.

"Mr. Duane: If you wish time saved, and you are willing to accept it, I will give you one right now.

"The Court: Very well. Let us have it. May we introduce this in the record as the certified copy of the birth certificate?

"Mr. Duane: Yes.

"The Court: It is hereby admitted in evidence as Petitioner's Exhibit No. 2."

The certified copy of the birth certificate shows that a child, Richard Lee Holtz, was born in Alhambra, California on December 14, 1937. The father's name is given as Louis John Holtz and the mother's maiden name as Theresa Viola Wenstron.

Appellant argues that the names Wenstrom and Wenstron are not the same and that the presumption of identity of person from identity of name (Code Civ. Proc., § 1963, subd. 25) cannot therefore be indulged. We do not find it necessary to decide this question for the following reasons. Produced, as the birth certificate was, by counsel for appellant and introduced with his consent counsel cannot now claim that the Richard Lee Holtz referred to in the birth certificate is not the Richard Lee Kelly whose paternity was in issue before the juvenile court. That being so the difference between the spellings of the maiden name of Theresa Wenstrom shown to have been married to William Kelly and the Theresa Viola Wenstron shown to be the mother of the child before the court is explained away by the following testimony of the witness Mrs. Cooley, an investigator for the juvenile court:

"Mr. Kelly has stated that his wife has always drank since their marriage and has been promiscuous in her relations with

other men, and was promiscuous at the time he was living with her. He states that he does not believe he is the father of Richard, although he indicated to me that he could not prove to me the contrary.''

The admissions of appellant, so testified to, close the gap and establish the identity of appellant's wife as the mother of the child here in question.

█ The admission of appellant that he believed that he was not Richard's father although he could not prove that fact supports the inference that he had conjugal access to his wife within the period of the child's conception in which event his paternity would be conclusively presumed. (Code Civ. Proc., § 1962, subd. 5.) The fact that Louis John Holtz appears on the birth certificate as father is only *prima facie* evidence of the fact (Health & Saf. Code, § 10551), was open to contradiction (*Estate of Woodson*, 36 Cal.App.2d 77 [96 P.2d 1016]) and must fall before the conclusive presumption above referred to.

█ Some hearsay evidence was admitted over appellant's objection, but the essential facts are established without resort to such testimony. The appellant chose to produce no evidence in his own behalf, although it was in his power to contradict the evidence produced against him if the truth lay on his side. This failure is sufficient to support an inference that such evidence if produced would have been unfavorable. (*Leenders* v. *California Hawaiian etc. Corp.*, 59 Cal.App.2d 752, 758 [139 P.2d 987].)

The judgment appealed from is affirmed.

Nourse, P. J., and Goodell, J., concurred.