**MAH TOI, Appellant,**

v.

**Herbert BROWNELL, Jr., as Attorney General, Appellee.**

**No. 13563.**

United States Court of Appeals, Ninth Circuit.

Feb. 16, 1955.

Jackson & Hertogs, Joseph F. Hertogs, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, POPE, Circuit Judge, and BOLDT, District Judge.

BOLDT, District Judge.

Appellant seeks to establish that he is a citizen of the United States, proceeding under 8 U.S.C. § 903* and basing his claim to such status on the allegation that he was born in the City of San Francisco, California on November 1, 1902 and by reason of native birth is a citizen under the Fourteenth Amendment to the federal Constitution. The only evidence offered at the trial in support of appellant's petition was the personal testimony of appellant and the admission in evidence of the judgment roll in Cause No. 14,143 of the California Superior Court for San Francisco County wherein an order of that court dated November 21, 1923, recites that one Mah Toi, the son of Mah Lin Ong and Wong Shee, was born on November 1, 1902 in the City

---

\* Now 8 U.S.C.A. § 1503.

and County of San Francisco, State of California. A certified copy of the order was admitted in evidence on the testimony of appellant that he is the person named in the order and that the copy had been in his possession from November, 1923 until January, 1949 when it was given to the immigration authorities at San Francisco on appellant's return to the United States from a visit in China of almost two years.

In appellant's petition it is alleged, in effect, that appellant is the person named in the order referred to. Answering such allegation, appellee denied that appellant was born at the place and on the date alleged and denied that a "judgment establishing fact of plaintiff's birth in the United States was entered by superior court of State of California," but the answer admits that "order establishing the fact of plaintiff's birth [at the place and on the date alleged] was entered by the California Superior Court for San Francisco County on November 21, 1923." In appellee's brief it is contended that appellant did not establish his identity as the person named in the superior court order, but the admissions in the answer preclude appellee from urging such contention. Neither proof nor finding is required in support of an allegation admitted in the pleadings. Sun-Maid Raisin Growers Ass'n v. Neustadter Bros., 9 Cir., 115 F.2d 126; Fontes v. Porter, 9 Cir., 156 F.2d 956.

After hearing the evidence the district court took the cause under advisement and thereafter entered a finding of fact that appellant was not born in the United States, a conclusion of law that appellant is not a national of the United States, and a judgment holding appellant not a national or citizen of the United States. The appeal from the judgment specifies error in both the finding and conclusion, and in the failure of the district court to give full faith and credit to the California superior court order.

Appellant acknowledges that the burden rested on him to "establish the ultimate facts by a preponderance of the evidence." The ultimate fact to be so established was that appellant was born in the United States. Appellant contends that the burden of proof was sustained: first, because the superior court order was a final and conclusive adjudication of the fact; and second, because the order, together with appellant's testimony, made a prima facie showing of the fact which was not rebutted by the evidence.

The frequent assertions in appellant's brief that the superior court order *conclusively* established the fact of appellant's birth as stated in the order are not supported by citation of California statute or decision or other authority and we have found no authority to such effect. 28 U.S.C. § 1738 provides that state " * * * records and judicial proceedings or [authenticated] copies thereof * * * shall have the same full faith and credit in every court within the United States * * * as they have by law or usage in the courts of such state * * * from which they are taken." The question is: What "faith and credit" do California superior court orders determining place and time of birth entered in pursuance of Section 10600 of the California Health and Safety Code have under the statute and decision law of that state? Nowhere in the particular statutory section authorizing entry of such orders, or in the chapter of which it is a part, is there any statement as to the evidentiary effect of such orders. The several California statutes generally defining the evidentiary effect of various orders, judgments and presumptions do not contain any provision applicable to orders made under Section 10600.

Section 10600 is found in a chapter entitled "Proceedings to Establish Record of Birth, Death or Marriage", which chapter is in a subdivision designated "Vital Statistics" of the California Health and Safety Code. The wording of the section and its context make it clear that a judicial order determining place and date of birth under Section 10600 is a statistical record substituting for a birth certificate when the birth "was not at the time it occurred required

by the law to be registered; or was not registered in conformity with the provisions of law in effect at the time it occurred * * *." Under Sections 10175, 10178 and 10179 of the same Code a birth certificate must be made by the attending physician or midwife or by the parents within four days after the birth. An order under Section 10600 may be made by the superior court on secondary evidence at any time, however long after the birth. Neither law nor reason justifies holding an order to be of greater evidentiary value than a certificate in establishing the place and time of birth when such facts are in issue in a proceeding concerned with United States citizenship.

Section 10551, preceding Section 10600 in the same subdivision of the California Health and Safety Code, provides that a birth certificate is "prima facie evidence" of the facts it purports to certify. The California courts hold the presumption arising from such prima facie evidence rebuttable and not conclusive.

> " * * * Prima facie evidence [of a birth certificate] is not conclusive evidence; it simply denotes that the evidence may suffice as proof of a fact until. or unless contradicted and overcome by other evidence." In re Woodson's Estate, 36 Cal.App. 2d 77, 96 P.2d 1016, 1017, cited to the same effect in People v. Kelly, 77 Cal.App.2d 23, 174 P.2d 342.

The rule is general as stated in 32 C.J.S., Evidence, § 766(b):

> "Official [birth] certificates are prima facie, but not conclusive, evidence of the facts stated therein, and with respect to some certificates this rule has been declared by statute."

In U. S. v. Casares-Moreno, D.C.S.D. Cal., 122 F.Supp. 375, a criminal case involving whether defendant was a native-born citizen of the United States, the evidentiary weight of a birth certificate recorded by an order of the California superior court was found as above stated herein.

> "Prima facie evidence is a minimum quantity. It is that which is enough to raise a presumption of fact; or, again, it is that which is sufficient, when unrebutted, to establish the fact." Otis & Co. v. Securities and Exchange Commission, 85 U.S.App.D.C. 122, 176 F.2d 34, 42. The evidence supporting the superior court order in this particular case was minimal in quantity and weight. Neither of the two witnesses heard by the court, testifying twenty-two years after the event, was present at the birth or competent under California law to make a certificate thereof.

■ Appellant concedes that if the superior court order was not conclusive evidence of the fact of appellant's native birth as a matter of law, its admission in evidence did not shift the burden of proving the fact, but merely required that substantial evidence rebutting the presumption be presented to the court. The final question then is whether there is sufficient evidence in the record to sustain the trial court's finding of fact, it appearing therefrom that the trial court found the presumption rebutted—at least to the extent of evenly balancing the weight of all the credible evidence with no preponderance thereof in favor of appellant.

Among the circumstances shown by the evidence which together amply sustain the district court's finding are: some apparent disparity between the signature of petitioner on the superior court petition and that on the petition in the present proceeding; the claimed inability of appellant to speak or understand the English language notwithstanding recitals in the verification of both petitions indicating the contrary; the inability of appellant to give the name of his alleged sister, or three alleged brothers, or of his alleged mother except by a name designating her as a married woman of the Wong family, as recited in the birth record order; the absence of any record showing departure for China of appellant's alleged family which he testified occurred in 1906; the improbability of and failure of explanation for such permanent departure of appellant's alleged family, including both older and younger children, at a time when appel-

lant was a very young child; the failure of appellant to produce a single witness confirming his claimed continuous residence in San Francisco and vicinity for over 45 years prior to his alleged departure for China in 1947; appellant's failure to attend a public school located within a city block of his claimed places of residence during his school age, as required by California law; and various inconsistent statements made to immigration authorities concerning his alleged relatives and his various places of residence in San Francisco. These circumstances, together with the district court's unfavorable impression of appellant's testimony expressed in the record, preclude our holding that the fact finding of the trial court was clearly erroneous. The judgment is affirmed.