[Civ. No. 9056.   Third Dist.   Apr. 8, 1957.]

FARMER BROTHERS COMPANY (a Corporation), Respondent, v. CHARLES KIERNAN, Appellant.

Chargin & Briscoe for Appellant.

Forrest E. Macomber and Gordon J. Aulik for Respondent.

WARNE, J. pro tem.*—This is an appeal by the defendant Charles Kiernan from a judgment for the value of coffee sold by the plaintiff to the Tavern Waffle Shop.

Charles Kiernan owned and operated a bar in Stockton called the Tavern.  It is located in the same building as and adjoins a restaurant known as the Tavern Waffle Shop.  There is a connecting door from the bar to the restaurant.  Food from the waffle shop is served in the bar.  In 1951 one of

*Assigned by Chairman of Judicial Council.

Farmer Brothers' salesmen, a Mr. Haslauer, dealt with Evelyn Oranges, who was then operating the Tavern Waffle Shop, and obtained the coffee account. In September, 1951 one Thor Himle took over the operation of the waffle shop. The sales were continued as before. Plaintiff billed the Tavern Waffle Shop for all coffee sold. The bills were sent to 42 South Sutter Street, which is the same address as the bar. Mr. Himle was the only one contacted for payment. At no time after the account was delinquent was a demand made upon Kiernan for payment until the time suit was filed. Mr. Kiernan had never been solicited personally for the account. It was stipulated that Kiernan was the owner of the on-sale liquor license in the bar known as the Tavern, and that the sales tax permit for the Tavern was in his name. Himle paid sales tax to Kiernan, who in turn paid it to the State of California. Mr. Haslauer testified that when he opened the account he knew by reputation that the waffle shop was owned by Mr. Kiernan. He also testified that Evelyn Oranges told him at the time he established the account that Kiernan owned the business, and that he did not extend any credit to Mrs. Oranges but to the Tavern Waffle Shop.

Plaintiff brought action against the defendant for the sum of $3,177.38, the balance then due upon the account. The complaint alleges, and the trial court found, that the defendant, Charles Kiernan, was doing business under the fictitious name and style of Tavern Waffle Shop. Judgment was accordingly entered against him for the said sum of $3,177.38.

The trial court impliedly found that Himle incurred the indebtedness to plaintiff as the agent of the defendant. It is defendant's contention that there is no competent evidence to establish that Kiernan was the owner of or operated the Tavern Waffle Shop. We cannot agree with defendant's contention.

The fact that the sales tax permit was in the name of Kiernan, the fact that the on-sale liquor license was in Kiernan's name, the presumption that he obeyed the law which required him to operate a bona fide restaurant in connection with said on-sale liquor license, the fact that, without protest, the Tavern Waffle Shop was billed each month at 42 South Sutter Street, which is the address of the Tavern, the fact that the account sued on dates back prior to the time Himle was operating the Tavern Waffle Shop, and that there was no change in the name under which the business was operated when Himle came there, or after he left, are all facts and

circumstances which, together with the testimony of Haslauer that Evelyn Oranges, who was operating the Tavern Waffle Shop at the time that the account was established, told him that Kiernan owned the business, and his testimony that Kiernan by reputation was the owner of the Tavern Waffle Shop, amply support the court's findings and the judgment.

Furthermore, the defendant was in court but did not choose to produce evidence in his own behalf, although it was within his power to dispute his ownership of the Tavern Waffle Shop. This failure is of itself sufficient to support an inference that such evidence introduced would have been unfavorable. (*People* v. *Kelly,* 77 Cal.App.2d 23, 26 [174 P.2d 342] ; *Julson* v. *Julson,* 110 Cal.App.2d 797, 801 [243 P.2d 558].)

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.