[Civ. No. 25281. Second Dist., Div. Three. Jan. 23, 1962.]

CLYDE JACKSON, Plaintiff and Appellant, v. MARIE CROWLEY, Defendant and Respondent.

Paris & Paris and Reynold F. Paris for Plaintiff and Appellant.

Edwin F. Franke and J. A. Levinson for Defendant and Respondent.

FRAMPTON, J. pro tem.*—Plaintiff and cross-defendant appeals from the judgment entered July 10, 1960, wherein he was found to be the natural father of one Clyde Jackson, Jr., also known as Lee Roy Jackson, born to Marie Crowley, defendant and cross-complainant, and wherein he was ordered to pay the sum of $10 per week for the support of such minor child.

The testimony disclosed that defendant, Marie Crowley, was married to Robert Crowley in Las Vegas, Nevada, in 1942. Robert Crowley died in the latter part of 1959. He was a musician by occupation and traveled about with a band. She had five children by Robert, the last having been born October 20, 1955.

Marie Crowley met plaintiff in the early part of 1955. At the time of trial (March 18, 1960) she testified she had been separated from and had not lived with her husband for five years and had not seen him since 1954, but had talked to him by telephone once in 1957 after Clyde Jackson, Jr., was born. She testified further that she started having sexual relations with plaintiff in the early part of 1955 and continued to have such relations until about five months after the birth of Clyde Jackson, Jr., (February 4, 1957). She testified further that she and Jackson were to be married and that she did not have sexual relations with any other man during this time. The evidence shows that after the birth of Clyde Jackson, Jr., plaintiff contributed to his support and stated to defendant in the presence of her daughter that he knew it was his baby, that he would take care of it and did not want it "on the State."

It further appears that plaintiff signed an acknowledgment that he was the father of Clyde Jackson, Jr., which document was on file with the Bureau of Public Assistance. The birth certificate for the child was first issued showing that defendant's husband was the father. It was later changed to show that Jackson was the father because plaintiff wanted it changed.

*Assigned by Chairman of Judicial Council.

The issue of a wife cohabiting with her husband, who is not impotent, is indisputably presumed to be legitimate. (Code Civ. Proc., § 1962, subd. 5.) It is a disputable presumption that a child born in lawful wedlock, there being no divorce from bed and board, is legitimate. (Code Civ. Proc., § 1963, subd. 31.)  "It is thoroughly settled . . . that if there was access to the wife by the husband during the period that conception normally would occur, the presumption, except in certain cases not here relevant, is conclusive. (*People* v. *Kelly,* 77 Cal.App.2d 23, 26 [174 P.2d 342] ; *Dazey* v. *Dazey,* 50 Cal. App.2d 15, 17 [122 P.2d 308] ; *People* v. *Hamilton,* 88 Cal. App.2d 398, 400 [198 P.2d 907].)

"Thus, the key question is whether the husband did or did not have access to his wife during the period that the child must have been conceived. If he had the opportunity for such access, the presumption of legitimacy is conclusive, inasmuch as the child was admittedly conceived while respondent was married." (*Williams* v. *Moon,* 98 Cal.App.2d 214, 219 [219 P.2d 920].)

In this case, defendant was married during the period of time when Clyde Jackson, Jr., was conceived, and her marital status remained unchanged until after his birth. During this time the evidence shows that her husband did not have access, or the opportunity of access, to her. She was having frequent sexual relations with the plaintiff. Plaintiff orally acknowledged his parentage of the child to defendant in the presence of defendant's daughter and contributed to the support of the child. He also acknowledged his parentage in writing, filed with the Bureau of Public Assistance.

The testimony of defendant relating to acts of intercourse with plaintiff, at or about the date when, in the ordinary course of nature, the child must have been conceived, is sufficient to support the judgment. (*Berry* v. *Chaplin,* 74 Cal.App. 2d 652 [169 P.2d 442], at 661; *Whitelaw* v. *Whitelaw,* 122 Cal. App. 260 [9 P.2d 874].)  The act of plaintiff in signing an admission of parentage is satisfactory and convincing evidence of such fact. (*Estate of Baird,* 173 Cal. 617 [160 P. 1078], at 623.)

Plaintiff further contends that the judgment should be reversed for the failure of the court to make a special finding whether the husband had opportunity of access to the wife during the time that would be material to the issue of paternity. The finding that plaintiff is the father of the child was sufficient. It implies all evidentiary findings consistent with

the finding of the ultimate fact, and a further finding was unnecessary. Moreover, upon the uncontradicted evidence a finding as to the evidentiary fact would necessarily have been in favor of defendant and a failure to make the finding would furnish no cause for reversal of the judgment. ██ "Failure to find on pleaded issues is not error where the findings, if made, would have been adverse to the complaining party." (48 Cal.Jur.2d, Trial, § 287, p. 290.)

We find the evidence sufficient to sustain the judgment of the trial court, and such judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.