Wallace M. HANDELAND and Lee Handeland, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 73–3185.

United States Court of Appeals, Ninth Circuit.

June 23, 1975.

---

**15.** Opposition of AT&T to MCI Motion to Transfer, at 3.

Joel Kreiner (argued), Los Angeles, Cal., for petitioners-appellants.

Jonathan S. Cohen, Atty. (argued), Appellate Section, Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

## OPINION

Before WRIGHT and SNEED, Circuit Judges, and POWELL,* District Judge.

EUGENE A. WRIGHT, Circuit Judge:

The Handelands appeal a decision of the Tax Court in their favor. They are ministers of the Church of Scientology of Minnesota and claim to be eligible for exemption from the payment of FICA self-employment tax. On appeal they argue that the Tax Court improperly failed to make findings on their status as ministers within the exemption provision of 26 U.S.C. § 1402(c)(4) when it found in their favor on the question of liability for FICA tax for 1967. We affirm.

Appellants were served with a deficiency notice in 1971 for failure to pay a FICA self-employment tax of $231 plus an addition to tax of $57.75 on their 1967 return. In March of 1972 they petitioned the Tax Court to have the deficiency redetermined. They asserted that no tax or penalty was owed because they were exempt ministers under § 1402(c)(4) and had not filed a waiver asking to be included in FICA pursuant to the then 26 U.S.C. § 1402(e) (1964). They alleged that the Internal Revenue Service had issued a deficiency notice on the ground that it disputed their claim to be ministers eligible for exemption.

After first denying all of the allegations in the complaint, the CIR reversed position and sought a stipulation that no tax was owed. Appellants refused to stipulate because there was no concession of their status as eligible ministers. The government then amended its answer to admit that no tax was owed, but left untouched its denial of the allegation that it had assessed a deficiency be-

* Senior District Judge, Eastern District of Washington.

cause it contested their ministerial status.

The Tax Court granted the Commissioner's motion for judgment in favor of appellants with respect to the 1967 tax liability and found that "The parties are agreed that for the taxable year 1967, there is no deficiency . . . .."

The appellants timely appealed, arguing that it was error for the court to omit findings on their ministerial exemption. They asserted that such a finding was necessary under 26 U.S.C. § 7459(b), which requires the Tax Court to "include in its report upon any proceeding its findings of fact or opinion or memorandum opinion." They also argue that their eligibility for exemption from FICA self-employment tax was a continuing controversy which would subject them to tax liability on future years if it were not promptly resolved.

## I.

### FINDINGS OF FACT

The government argues that there were alternate grounds on which it could base its concession on appellants' tax liability. The Handelands would have been exempt from self-employment tax either on the ground that they were exempt as ministers and had not asked to be included in FICA under the then applicable law or that they were employees of the Church of Scientology of Minnesota and the tax was owed by their employer.

The government argues that since it conceded the issue of the Handelands' tax liability, the Tax Court properly limited its findings to the issue of the concession as to liability. We agree.

Congress has barred federal courts from giving declaratory judgments in tax matters, 28 U.S.C. § 2201. Moreover, in establishing the Tax Court as an administrative body, Congress severely limited its jurisdiction:

The basic jurisdiction of the Tax Court . . . is now limited to redetermining deficiencies in Federal income, estate, and gift taxes . . . * * *

The Court presently has no jurisdiction to execute its decisions; it does not render a monetary judgment; it merely determines the amount of the deficiency or overpayment of tax.

*Burns, Stix Friedman & Co. v. C. I. R.,* 57 T.C. 392, 396 (1971).

We have held that federal courts need make only sufficient findings to support their conclusions:

We recognize that "if the findings are sufficient to support the ultimate conclusion of the court, they are sufficient . . . .. The ultimate test as to the adequacy of findings will always be whether they are sufficiently comprehensive and pertinent to the issues to provide a basis for decision and whether they are supported by the evidence." *Rayonier, Inc. v. Polson* (9 Cir. 1968) 400 F.2d 909, 923.

*Henry C. Beck Co. v. Ross Island Sand & Gravel Co.,* 456 F.2d 316, 320 (9th Cir. 1972).

This court has held that when the Commissioner has admitted an issue in his answer, "the Tax Court was bound to so find" unless the response was "so incredible as to justify the Tax Court in ignoring the Commissioner's flat admission of it." *Gensinger v. C. I. R.,* 208 F.2d 576, 580 (9th Cir. 1953). Here the Court properly accepted the Commissioner's concession based on his reasoned statement of alternate grounds.

An analysis of our holdings in other related areas supports this conclusion. Where an issue is admitted in the pleadings, no findings of fact are needed to support it in the court's opinion:

Neither proof nor finding is required in support of an allegation admitted in the pleadings. *Sun-Maid Raisin Growers' Ass'n v. Neustadter Bros.,* 9 Cir., 115 F.2d 126; *Fontes v. Porter,* 9 Cir., 156 F.2d 956.

*Mah Toi v. Brownell,* 219 F.2d 642, 643 (9th Cir. 1955), *cert. den.* 350 U.S. 823, 76 S.Ct. 49, 100 L.Ed. 735. In the *Fontes* case the court held that an uncontested allegation could not be later challenged

because of a failure of proof or the lack of a supporting finding by the court.

In *Malat v. C. I. R.,* 302 F.2d 700 (9th Cir. 1962), *cert. den.* 371 U.S. 984, 83 S.Ct. 308, 9 L.Ed.2d 271, the court was faced with the converse of our situation. There the petitioner amended his complaint to accept the answer of the Commissioner in order to obtain a ruling based on one of the alternate theories advanced by the government. The petitioner declined to offer any proof and sought to force the acceptance of one of the grounds, favorable to him in other pending litigation. The court declined to make a choice between the Commissioner's alternate grounds and we affirmed:

The correctness of the Commissioner's ultimate determination, namely, that so many dollars of additional taxes are due, having been conceded, we can see no reason why findings in support of that concession are required. .

302 F.2d at 706. The court concluded:

The objective of the proceeding before the Tax Court is not to expound legal theories or to make advisory findings or to render advisory opinions, but to arrive at a determination of how much tax, if any, the petitioner owes. When the petitioners concede that the tax determined by the Commissioner is owed, as they did in this case, then the fact-finding and law-expounding function of the Tax Court is at an end, and nothing remains to be done except to enter the order determining the amount of the deficiency.

*Id.* at 705.

In this case, the government has conceded on the amount of tax owed. Unless there are issues present involving a recurring liability, *Church of Scientology of Hawaii v. United States,* 485 F.2d 313 (9th Cir. 1973), the court properly declined to make the finding requested by appellants.

## II.

### RECURRING LIABILITY

In *Scientology-Hawaii, supra,* we held that the district court had improperly declined to hear the merits of a tax refund case involving the exempt status of the church in Hawaii after the government tendered a refund. The court concluded that "there is nothing in the proposed refund payment to the taxpayer of sums involuntarily paid for 1965–1966 which would have assured it that the same demands would not be made for 1967 and 1968. Indeed, the contrary is strongly suggested." 485 F.2d at 316. There the church faced a subpoena for its 1967–1971 tax records and a rejection of its information returns for later years. Absent a decision on the merits, the church would face a recurrent challenge to its claim of tax exemption.

The Handelands are in a different situation. While they are clear on their desire to continue to claim exempt status, they have not been audited for 1968 or later years. It appears that the Commissioner has decided to proceed on the theory that Scientology ministers are employees with respect to liability for FICA self-employment tax. If this is true, they would not face personal liability for this tax. In any event, appellants have failed to demonstrate that they face a recurring tax liability. Absent a deficiency claim by the Commissioner, appellants have no way to obtain an advisory opinion on the issue of their ministerial status, *see Mitchell v. Riddell,* 402 F.2d 842 (9th Cir. 1968), *cert. den.* 394 U.S. 456, 89 S.Ct. 1223, 22 L.Ed.2d 415 (1969).

We are disturbed by the length of time that the issue of the tax status of Scientology churches and ministers has been in controversy. We presume that the Commissioner will bring this protracted controversy to a close with all due haste. Certainly any continued and unwarranted delay on the part of the

government in reaching and resolving the merits of this class of tax suits may suggest bad faith on its part and the prospect of awards for attorneys' fees and damages under the First Amendment. We are concerned, too, over the prospect of needless litigation and appeals which have become a burden to this court.

The decision of the Tax Court is affirmed.