HOWARD LEE BASS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bass v. Commissioner
Docket Nos. 9674-81, 21361-81.
United States Tax Court
T.C. Memo 1983-536; 1983 Tax Ct. Memo LEXIS 252; 46 T.C.M. (CCH) 1262; T.C.M. (RIA) 83536; August 30, 1983. Jacob D. Davis, for the petitioner. Francis C. Mucciolo, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined deficiencies in petitioner's income tax for the calendar years 1977 and 1978 in the amounts of $735.99 and $566, respectively. The issues for decision are (1) whether petitioner, an ordained minister, is liable for self-employment taxes under the provisions of sections 1401 and 1402[1] for each of the years here in issue; and (2) whether tuition payments made by petitioner in 1978 *254 for specified individuals to attend a religious school are properly deductible as a charitable contribution. All of the facts have been stipulated and are found accordingly. Petitioner, who resided in Jacksonville, Florida, at the time of the filing of the petition in this case, filed a joint Federal income tax return with his wife for each of the calendar years 1977 and 1978 with the Office of the Director, Internal Revenue Service Center, Chamblee, Georgia. Petitioner was ordained as a minister in October 1976 and has served since that time as pastor of the Wesconnett Free Will Baptist Church in Jacksonville, Florida. In each of the years 1976, 1977, and 1978, petitioner earned in excess of $400 for the performance of services as an ordained minister of the church in the exercise of his ministerial duties. As of March 15, 1982, petitioner had not filed an application to receive an exemption from the self-employment tax imposed under section 1401. At certain times during the first two years of his ministry, petitioner *255 had the form necessary for filing to obtain the self-employment tax exemption. However, he was unable to ascertain a religious principle upon which he could base his opposition to the acceptance of any public insurance. He can now explicate such a principle. In 1978, petitioner made payments in the form of checks totaling $900 to Wesconnett Christian Academy. On some of those checks there is the notation "for Lora's tuition" or "for Lora's account." Others contain the notation "for Bob and Lora's tuition." The payments were made to the academy to keep current the tuition account of Lora and Bob. Children can attend the academy regardless of their ability to pay for tuition, but there is an account set up for each student on which is recorded the amounts of tuition accrued and paid. The $900 total of these checks forms part of the deduction for contributions taken by petitioner on his 1978 income tax return. On his 1978 income tax return petitioner also took a $20 contribution deduction for cash he gave to missionaries and a $10 contribution deduction for cash he gave to a young couple whose home he visited while in Ocala with another pastor. Respondent, in his notice of deficiency *256 issued to petitioner for the calendar year 1977, determined that petitioner was subject to self-employment tax since he had self-employment income in that year in excess of $400. The adjusted gross taxable income on which self-employment tax was computed was $8,058.38, and the self-employment tax as computed was $735.99. Respondent, in his notice of deficiency issued to petitioner for the calendar year 1978, determined that petitioner had self-employment income in that year of $8,636, which was composed of $7,065 of wages and $2,421 of housing allowance minus $850 of business expenses. On this basis respondent computed a self-employment tax of $700. In this notice of deficiency for the year 1978, respondent disallowed $843 of the $3,975 claimed on petitioner's Federal income tax return as deductible charitable contributions with the explanation that petitioner had not shown that more than $3,132 of the claimed charitable contributions qualified under section 170 of the Code. Respondent made various other adjustments, reducing petitioner's taxable income of $7,266 reported on his return to $5,963. These adjustments consisted of various deductions allowed by respondent which *257 petitioner had not claimed on his return. As a result of the deductions allowed which had not been claimed in excess of the amount of the charitable contribution deduction disallowed, petitioner, under respondent's computation, owed no income tax for the year 1978 and therefore the $700 self-employment tax computed by respondent was reduced by the $134 income tax shown on petitioner's tax return, leaving a deficiency of $566. Respondent explained his computation of self-employment tax with a note which stated: NOTE: Income and rental allowances received by members of the clergy are subject to self-employment tax. Since you did not file a waiver exempting you from self-employment tax within the specified two-year period, the tax has been computed as follows: * * * In his petition filed for the calendar year 1977, petitioner placed in issue the $735.99 of self-employment tax, stating that he was opposed to being part of a socialistic program. He further stated that his ordination was in 1976 and he was unaware of the two-year limitation but had not paid any "social security" since being ordained and that his intentions have been to "opt out from the outset." In his petition for *258 the calendar year 1978, petitioner stated that the "$843.00 in contributions which were disallowed arbitrarily" was placed in issue and that he was not interested in being a part of a socialistic system and therefore disagreed with the self-employment tax on religious grounds. Petitioner's primary position with respect to his disagreement with respondent's determination that he is liable for self-employment tax for each of the years here in issue is that section 1402(e) is unconstitutional because it violates his rights under the First Amendment to the Constitution of the United States. In the alternative, petitioner argues that under the holding of the Supreme Court in Rowan Companies v. Commissioner,452 U.S. 247 (1981), self-employment income should not include his housing allowance, which is exempt from Federal income tax under section 107. Petitioner further contends that he is not self-employed but is actually an employee of his church, relying on Handeland v. Commissioner,519 F.2d 327 (9th Cir. 1975), affg. a Memorandum Opinion of this Court. *259 Section 1401 provides for a tax for old-age, survivors, and disability insurance on self-employment income of every individual. Section 1402 provides generally that the term "net earnings from self-employment" means the gross income derived by an individual from any trade or business carried on by such individual, less the deductions attributable to such trade or business. Section 1402(a)(8) provides that-- an individual who is a duly ordained, commissioned, or licensed minister of a church or a member of a religious order shall compute his net earnings from self-employment derived from the performance of services described in subsection (c)(4), without regard to section 107 (relating to rental value of parsonages) * * *.  The definition of the term "trade or business" in section 1402(c) generally excludes the performance of service by an individual as an employee. However, there is a specific provision with respect to an ordained minister of a church. Section 1402(c)(4) provides that the *260 term "trade or business" does not include services by a duly ordained minister of a church in the exercise of his ministry, but this provision does not apply unless an exemption provided in section 1402(e) is effective. It is clear, under the provisions of sections 1401 and 1402, discussed above, that petitioner as an ordained minister is subject to self-employment tax unless he has obtained an exemption from such tax by timely filing an exemption application pursuant to section 1402(e). Petitioner, here, has stipulated that he had not filed any application for exemption from self-employment tax under section 1402(e)(2) as of March 15, 1982, and there is nothing in this record to indicate that he has subsequently filed such an application. In any event, section 1402(e)(2) provides that an exemption application must be filed not later than the due date of the return, including any extension, for the second taxable year for which an applicant has net earnings from self-employment of $400 or more, any part of which is derived from performance of services as a minister, or the due date of *261 the return for the second taxable year after 1967. Since petitioner was an ordained minister in 1976 and earned in excess of $400 in each of the years 1976 and 1977 from the performance of services as a minister, he would have been required to file an application for exemption from self-employment tax by April 15, 1978. Petitioner recognizes that he did not file the required application, but contends that the requirement that he file such an application is unconstitutional. In Ballinger v. Commissioner,78 T.C. 752, 756-759 (1982), we dealt at some length with the provisions of section 1402(e) and concluded that these provisions were not unconstitutional or in conflict with the free exercise and establishment of religion clause of the First Amendment to the Constitution of the United States. [2] We therefore conclude that petitioner is subject to the self-employment tax imposed by section 1401 on his earnings from the ministry.
*262 Section 1402(a)(8) specifically provides that the self-employment earnings of an ordained minister derived from the performance of his ministerial services shall be computed without regard to the provisions of section 107, relating to rental value of parsonages. Therefore, by statutory definition, the rental value of a parsonage is part of the self-employment net income of an ordained minister from his ministerial duties. Rowan Companies v. Commissioner,supra, relied upon by petitioner, held invalid Treasury regulations providing that wages, for the purpose of determining the wages on which the Federal Insurance Contribution Act and Federal Unemployment Tax Act taxes were placed, included meals and lodgings excluded from income tax under section 119. The regulation in the Rowan Companies case was held invalid as not being a proper interpretation of the statute. Here, the statute is explicit that the parsonage allowance exempt from income tax under section 107 is included in self-employment income of an ordained minister on which the self-employment tax is imposed. *263 Petitioner's argument that he should be considered as an employee of the church and therefore not liable for self-employment tax under the holding in Handelman v. Commissioner,supra, is not well taken. In that case respondent conceded that the taxpayers were employees of the Church of Scientology and for that reason not required to pay self-employment tax. This Court accepted respondent's concession and the taxpayers appealed on the ground that they had a right to have a determination made whether they were ministers exempt from self-employment tax as such. Petitioner in the instant case has stipulated that he is an ordained minister of a recognized religious faith. He has also stipulated that he has not applied for an exemption under section 1402(e). Therefore, his income from his practice as an ordained minister is by the definition of section 1402(c) self-employment income. On the basis of the facts here present, we conclude that respondent properly determined that petitioner is subject to self-employment tax in each of the years here in issue. It appears to us that the disallowance by respondent of part of petitioner's claimed charitable deductions *264 is a moot question since respondent determined that because of deductions not claimed by petitioner on his return, but allowed by respondent, petitioner did not owe any income tax for the year 1978 and in fact credited the self-employment tax he determined that petitioner owed with the income tax petitioner showed as due on his return. However, since the parties raised this issue, and under the facts here it is clear that petitioner has shown no error in respondent's disallowance of at least $900 of claimed charitable deductions which were earmarked for tuition of specific individuals attending the Wesconnett Christian Academy, we sustain respondent's disallowance of $843 of petitioner's claimed charitable deductions. Tripp v. Commissioner,337 F.2d 432 (7th Cir. 1964) affg. a Memorandum Opinion of this Court. Decisions will be entered for the respondent.
Footnotes
1. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩
2. See also Kelly v. Commissioner,T.C.Memo. 1981-37, affd. without published opinion 644 F.2d 879↩ (4th Cir. 1983).