**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10119 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-02444-FRZ-DTF-1 |
| v. | |
| OLGA CLARISSA ORTEGA, AKA Olga Clarissa Garcia De Ruiz, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Argued and Submitted May 14, 2013
San Francisco, California

Before: CLIFTON and BEA, Circuit Judges, and DUFFY, District Judge.[**]

Defendant Olga Ortega appeals her convictions of three counts of making a

false statement in a passport application, in violation of 18 U.S.C. § 1542, and one

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

count of attempted reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Ortega challenges her convictions for making a false statement in a passport application for sufficiency of the evidence. Viewing the evidence in the light most favorable to the Government, sufficient evidence supported those convictions, as a rational trier of fact could have found that Ortega "willfully and knowingly," 18 U.S.C. § 1542, lied about being a United States citizen. *See United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc) (a sufficiency of the evidence claim "requires a court of appeals to determine whether after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (internal quotation marks and citation omitted) (emphasis in original)). Although the Government lacked direct evidence of Ortega's state of mind, a rational trier of fact could have inferred from the evidence presented that Ortega knew she was born in Mexico. Among other evidence, the Government introduced the transcript of Ortega's removal proceeding, at which the IJ found her to be a citizen of Mexico, Ortega's two Mexican birth certificates, testimony from Ortega's aunt that Ortega was not born in the aunt's California home, and a border crossing card procured by Ortega that identified Ortega as a Mexican national.

2

The district court afforded Ortega's Order Establishing Fact of Birth, issued by the Los Angeles Superior Court, full faith and credit under 28 U.S.C. § 1738. It correctly applied California law and held that the Order created a rebuttable presumption that Ortega was born in California. *See Mah Toi v. Brownell*, 219 F.2d 642, 643-44 (9th Cir. 1955) (holding that a California court order determining the fact of birth created a rebuttable presumption).

The district court did not err when it allowed the Government to rebut the presumption by arguing that had Ortega told the California court about her removal, the California court might not have issued the Order. The Government was not limited to rebutting the presumption by showing that the Order was invalid under California law.

We decline Ortega's request to certify a question to the California Supreme Court because it is unnecessary to our disposition of this appeal.

**AFFIRMED.**