Filed 8/18/20  P. v. Santos CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G057886 |
| v. | (Super. Ct. No. 02CF2639) |
| EDUARDO FLORES SANTOS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Lance Jensen, Judge.  Affirmed.

Robert E. Boyce, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

In 2003, a jury found defendant Eduardo Flores Santos guilty of murder and found true an allegation that he personally used a knife during the commission of the crime. The trial court imposed a prison sentence of 15 years to life. This court affirmed the judgment on appeal. (*People v. Santos* (Dec. 20, 2004, G033245) [nonpub. opn.].)

In 2019, Santos filed a petition for resentencing. (Pen. Code, § 1170.95.)[1] The trial court reviewed the record of conviction and summarily denied the petition.

Santos argues the trial court erred by looking beyond the four corners of the petition to determine if there was a prima facie basis for relief under section 1170.95. We disagree, as has every other appellate panel that has considered the issue.

Thus, we affirm the judgment.

I

PROCEDURAL BACKGROUND

On April 23, 2003, the prosecution filed an information charging Santos with the murder of Jose Luis Martinez. (§ 187.) The information alleged that during the commission of the murder Santos "personally used a dangerous and deadly weapon," specifically, a knife. (§ 12022, subd. (b)(1).)

"At trial, there was evidence . . . Santos armed himself with a knife . . . ." (*People v. Santos.*, *supra*, G033245.) The jury found Santos guilty of second degree murder and found true the personal use of a knife enhancement. The court sentenced Santos to a prison term of 15 years to life.

On March 5, 2019, Santos filed a section 1170.95 petition. On the form petition, Santos checked boxes stating: "At trial, I was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine;" and "I could not now be convicted of 1st or 2nd degree murder because of

_____

[1] Further undesignated statutory references are to the Penal Code.

2

changes to Penal Code §§ 188 and 189, effective January 1, 2019[;]" and "I request this court appoint counsel for me during this re-sentencing process."

On May 13, 2019, the trial court denied the section 1170.95 petition without appointing Santos counsel or holding a hearing. The court issued an order stating: "The petition does not set forth a prima face case for relief under the statute. A review of court records indicates defendant is not eligible for relief under the statute because the defendant does not stand convicted of murder or defendant's murder conviction(s) is not based on felony-murder or on a natural and probable consequences theory of vicarious liability for aiders and abettors."

II

DISCUSSION

Santos argues that his "petition, on its face, alleged a prima facie case for relief." Therefore, Santos argues the trial court "possessed no inherent discretion to deny relief; the court had only the power to determine if the statutory requirements were met."

We disagree. Based on the language in the statute, it appears the Legislature intended trial courts to look beyond the four corners of a section 1170.95 petition (to the record of conviction), in order to determine whether the petitioner established a prima facie basis for relief.

A. *Principles of Statutory Interpretation*

When construing a statute, our goal is to ascertain legislative intent to effectuate the purpose of the law. (*People v. Jefferson* (1999) 21 Cal.4th 86, 94.) The words of a statute are to be given their usual and ordinary meaning. (*People v. Robles* (2000) 23 Cal.4th 1106, 1111.) If the statutory language is unambiguous, "we presume the Legislature meant what it said, and the plain meaning of the statute governs." (*Ibid.*)

3

Courts may neither insert words nor delete words in an unambiguous statute; the drafting of statutes is solely a legislative power. (*People v. Hunt* (1999) 74 Cal.App.4th 939, 945-946.) "In construing this, or any, statute, our office is simply to ascertain and declare what the statute contains, not to change its scope by reading into it language it does not contain or by reading out of it language it does. We may not rewrite the statute to conform to an assumed intention that does not appear in its language." (*Vasquez v. State of California* (2008) 45 Cal.4th 243, 253.)

"Statutory language is not considered in isolation. Rather, we 'instead interpret the statute as a whole, so as to make sense of the entire statutory scheme.'" (*Bonnell v. Medical Board* (2003) 31 Cal.4th 1255, 1261.) We must also "interpret legislative enactments so as to avoid absurd results." (*People v. Torres* (2013) 213 Cal.App.4th 1151, 1158.)

*B. Section 1170.95*

With the passage of Senate Bill No. 1437 (2017-2018 Reg. Sess.) the Legislature reduced the scope of the felony-murder rule and eliminated vicarious liability for murder under the natural and probable consequences doctrine. Generally, liability for murder now requires that the defendant: 1) was the actual killer; 2) was a direct aider and abettor who acted with the intent to kill; or 3) "was a major participant in an underlying felony and acted with reckless indifference to human life." (See §§ 187, 188, 189.)

Section 1170.95, subdivision (a), permits an accomplice convicted of murder to petition the court to vacate the conviction and be resentenced on any remaining counts if the person could no longer be convicted of murder under sections 187, 188, and 189 as amended by Senate Bill No. 1437. A petition for relief must include: "(A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and

4

year of the petitioner's conviction.  [¶]  (C) Whether the petitioner requests the appointment of counsel."  (§ 1170.95, subd. (b)(1).)

If the petition contains the required information, the court must "review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section."  (§ 1170.95, subd. (c).)  If the petitioner has made this initial prima facie showing, then he or she is entitled to appointed counsel, if he or she has requested counsel.  (§ 1170.95, subd. (c).)  The prosecutor must file a response, and the petitioner may file a reply.  (§ 1170.95, subd. (c).)

*C. Analysis*

Based on the plain language of the statute. we find that the Legislature must have intended that when a person files a section 1170.95 petition, the court may look beyond the four corners of the petition—to the record of conviction—in order to determine whether the petitioner has met the prima facie threshold.  (*Meyer v. Glenmoor Homes, Inc.* (1966) 246 Cal.App.2d 242, 251 ["'Prima facie evidence is that which suffices for the proof of a particular fact, until contradicted and overcome by other evidence'"]; see *In re Estate of Woodson* (1939) 36 Cal.App.2d 77, 80 ["*Prima facie* evidence is not conclusive evidence; it simply denotes that the evidence may suffice as proof of a fact until or unless contradicted and overcome by other evidence"].)

Indeed, every published opinion on this issue has held that a trial court may look beyond the four corners of a section 1170.95 petition (to the record of conviction) to determine whether a petition establishes an initial prima facie case for relief.  (See *People v. Tarkington* (2020) 49 Cal.App.5th 892, 897; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 329, review granted Mar. 18, 2020, S260493; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1138, review granted Mar. 18, 2020, S260598; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 57-58.)  We agree with these holdings.

Here, when the trial court considered the record of conviction there was no doubt that Santos, as the actual killer, was ineligible for relief under section 1170.95. Thus, the court properly found that Santos did not establish a prima facie basis for relief.


## III

## DISPOSITION

The judgment is affirmed.


MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


IKOLA, J.

6